Evelyn Walker, Plaintiff-Appellant, *v.* Arnold M. Gilbert *et al.,* Defendants-Appellees.

(No. 74-208;

Third District—March 27, 1975.

*Rehearing denied May 13, 1975.*

George P. Troha, of Thomas, Wallace, Feehan, & Baron, Ltd., of Joliet, for appellant.

Susan G. Pierson, of O'Brien, Garrison, Berard, & Kusta, of Joliet, for appellees.

Mr. JUSTICE BARRY delivered the opinion of the court:

Plaintiff, as tenant in an apartment complex, charged defendants, as owners, with responsibility for personal injuries she sustained in a fall on a common stairway alleged to have been negligently maintained. Judgment was entered on a verdict for defendants. After plaintiff's post-trial motion was denied, this appeal followed.

■■ It was plaintiff's theory of the case that while walking up the common stairway and without turning around, she tripped on a defective stripping and fell. She did not know exactly which step, or see the allegedly defective stripping. In her testimony, plaintiff admitted on examination by defense counsel that at a previous discovery deposition she testified that she "just * * * *slipped*" as she "turned around." (Emphasis added.) Plaintiff thereafter during the trial made an offer of proof, in an apparent effort to rehabilitate her testimony, of a prior out-of-court statement made by her which was consistent with the testimony in her direct examination, that she had tripped. The court denied the offer, and it is claimed here that this ruling constitutes reversible error. We disagree. Given such facts, the general rule is that evidence of a prior consistent statement is not admissible to corroborate the testimony of a witness even after it has been impeached. *Sesterhenn v. Saxe*, 88 Ill.App. 2d 2, 232 N.E.2d 277 (1st Dist. 1967).

In view of her testimony that she did not know which step had the defective stripping, and that she did not ever see the defective stripping, plaintiff complains the court's refusal to give her tendered instruction number 8 relating to circumstantial evidence was serious error. Where alleged error is predicated upon a ruling refusing a tendered instruction, all of the instructions must be included in the record on appeal. (*Bear v. Holiday Inns of America, Inc.*, 1 Ill.App.3d 786, 275 N.E.2d 457 (2nd Dist. 1971).) In the absence of plaintiff's compliance with this requirement, we cannot fairly review the point.

The amended complaint sought damages for permanent injury, medical expense and loss of past and future earnings. In answer to interrogatories, plaintiff indicated she was making claim for lost time and wages "at her regular employment" for the period from August 14, 1970, the date of injury, through August 19, 1970 and two days in October 1970, while hospitalized, and "for several other days after hospitalization when * * * she * * * was in too much pain to work."

At the trial, there was considerable evidence offered on her behalf tending to show that she sustained a permanent neck injury. During her

direct examination, she testified that at the time of her fall, she had been employed at Four Seasons Nursing Home taking care of patients 40 to 48 hours a week, and that although she returned to the same employment approximately a week after the accident happened, strenuous work affects her. She stated that she terminated employment at Four Seasons, then worked part time in 1971 as a nurses' aide at Americana Nursing Home in Joliet, but quit there in the summer of 1972 because it was too strenuous and her neck was bothering her and because it was more than she was physically able to do.

On other occasions in her testimony, she said that these terminations of employment were unrelated to her injury. On examination by defense counsel, she stated that although she was accepted for work at Four Seasons, after terminating in 1972 at Americana, she did not go back to Four Seasons because she did not "want to add any more to her injuries," and indicated she was referring to her neck. She also testified that as of the time of trial, she was unemployed and not looking for work. Defense counsel then proceeded to question plaintiff, over objection, as to whether her reason for not going back to work at Four Seasons was not, in fact, because she felt they had discriminated against her and because she had filed a charge of discrimination against it. Plaintiff denied this, but then said "it might have ended up in discrimination but the charges I filed weren't discrimination * * * [and weren't] * * * of unfair employment practices * * *." Defense counsel then questioned plaintiff concerning a document identified as defense exhibit 4. Plaintiff admitted this to be a document bearing her signature which she filed with the Equal Employment Opportunity Commission, that it complains of her unfair dismissal from Four Seasons and indicates that similar acts "had been pulled on another Negro employee." The exhibit was never offered or admitted to evidence.

Plaintiff argues here that since there was no issue or claim in this case for permanent loss of earnings due to this accident, the foregoing examination by defense in respect to her reasons for not returning to work at Four Seasons, was immaterial, prejudicial, and designed solely to inject a racial issue. She also argues that defendant's failure, after having laid a foundation for impeachment, to offer defendant's exhibit 4 to evidence was reversible error.

■■ We are satisfied from the record that the purpose of defendant's examination was not to inject a racial issue or to attempt to inflame the jury's prejudices, but was to test the truth of plaintiff's frequent, although sometimes equivocal, testimonial assertions that her reasons for terminating employment or for not returning to work, were in fact related to injuries received in her fall; and that it was a proper examination. The

argument that plaintiff made no claim for permanent injury to earning capacities is not supported by the record. And where, as here, the witness was also equivocal about statements contained in charges filed with the Equal Employment Opportunity Commission, but then admitted them, no reversible error was occasioned by defendant's failure to offer the exhibit. *Vancil v. Fletcher*, 90 Ill.App.2d 277, 232 N.E.2d 789 (5th Dist. 1967).

Complaint is made that the circuit court erred in permitting abusive, humiliating and belittling cross-examination of plaintiff and her medical witness, and erred in commenting unfavorably on certain evidence offered by plaintiff. The alleged "unfavorable comment" occurred during rebuttal in plaintiff's examination of defendant, Arnold Gilbert, as follows:

"Q. [By Mr. Troha] Now, you have heard some testimony concerning some photographs, did you not?

A. [Y]es * * *

Q. Do you know * * * who took those photographs? * · * *

A. Larry Ameday.

Q. On what day?

A. August 12, 1971.

Mr. Troha: That's all I have. Thank you, Mr. Gilbert.

Mr. Garrison: I move to strike that as being improper and has nothing to do with any part of the case.

The Court: Well, I will deny your objection. *I don't see what it has to do* * * *.

Mr. Troha: I think it has a lot to do, your Honor.

The Court: Okay. Now we'll work on instructions."

(Emphasis added.)

It's unclear on this record whether the court's interrupted remarks related to defense counsel Garrison's objection or to plaintiff's evidence, but it is clear that the court's ruling was in favor of plaintiff. We find no basis for the claim of prejudice, and after examination of the record, we are satisfied also that the cross-examination complained of was proper.

The judgment of the Circuit Court of Will County is affirmed.

STOUDER, P. J., and STENGEL, J., concur.