**People of the State of Illinois ex rel. Mary B. Blackmon, Plaintiff-Appellee, v. Larry E. Brent, Defendant-Appellant.**

Gen. Nos. 51,429, 51,430.

First District, Third Division.

June 20, 1968.

Lucas T. Clarkston, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Rudolph L. Janega, and Eldridge Hersey, Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

The complaining witness instituted two paternity actions against the defendant charging him with being the father of two of her children. The cases were tried together, the defendant was found to be the father of the children and he was ordered to pay $10 a week for the support of each child.

The causes have been consolidated on the defendant's appeal and he raises three contentions: the complaints were jurisdictionally defective, the evidence was insufficient to support the guilty findings, and incompetent evidence was introduced which prejudiced him.

The complaining witness testified that she and the defendant, who was her insurance agent when she first met him, engaged in sexual intercourse from March of 1962 through June 1962, and that on February 11, 1963, she gave birth to a male child. In the months of July, August and September 1963, she again had intercourse with the defendant and the following May a female child was born to her. She said that during the enumerated months she had intercourse with no one but the defendant and, although he never admitted being the father of the children, he gave her money for their care. She said she had dismissed an earlier paternity proceeding against him when he agreed to provide for the children.

The defendant denied being the father of the children. He admitted that he gave the complaining witness money but said it was to cover the cost of repairing her car which he had damaged and because she had done favors for him. He did not explain what these favors consisted of nor did he deny having sexual relations with her.

The defendant first contends that the trial court was without jurisdiction to try the cases because the complaints were not sworn to. Section 54 of the Paternity Act (Ill Rev Stats 1963, c 106¾, § 51 et seq.) provides that:

". . . Such action may be instituted only on the filing of a complaint in writing by the mother of a child born out of wedlock . . . accusing, under oath or affirmation, a person with being the father of such child . . ."

Each complaint contains the signature of the complaining witness which is preceded by a statement that she, being sworn under oath, read the complaint and that it is true and accurate. The space provided for the signature of a person authorized to administer oaths is blank on both complaints. However, the record discloses that the complaining witness and the defendant were present in open court on September 2, 1964. Two orders entered on that date, which are similar in content, recite that the complaining witness,

". . . presents to the Court the complaint herein under oath . . . and the Court having examined under oath the person presenting the same . . . it is ordered that leave be granted to file said complaint instanter."

■■■■ A paternity action is solely statutory and the procedure outlined in the statute must be complied with. The orders of September 2, 1964, indicate that the requirements of the statute were followed. The orders, which are part of a properly authenticated record that imports verity (City of Chicago v. 3 Oaks Wrecking and Lumber Co., 65 Ill App2d 328, 213 NE2d 48 (1965)), indicate that the complaining witness accused the defendant of being the father of the two children and that she did so in a written complaint and under oath. This is all that is contemplated by the statute.

The defendant's next contention is that there was insufficient evidence that the children were either born alive or, if so born, that they were still living at the time of trial.

■■■ The Paternity Act is not punitive; its purpose is to provide for the support, maintenance and education of illegitimate children so that the latter will not become wards of the State. Therefore, if an illegitimate child is born dead, no liability attaches to its father. Likewise, if a child should die after birth the father's liability ceases at the time of its death.

■■ ■ There was ample evidence not only that the children were born alive, but that they were living at the time of trial. The complaining witness' testimony that the children were born was uncontradicted and the record is replete with testimony which can be interpreted in no other way than that they were alive at the time she was testifying. Moreover, when a child has been born alive it is presumed that the child continues to live until the contrary is shown. Mann v. People, 35 Ill 467 (1864).

Prior to trial the parties, assisted by counsel, entered into a written stipulation that they would submit to a polygraph test and that the results would be admissible into evidence. The complaining witness took the test but the defendant did not. At the trial, the result of her test was admitted into evidence over the defendant's objection that it was a carbon copy and not the original. The trial court was then informed that the original report had been sent to a judge of the court and had become lost. In admitting the exhibit the trial court took judicial notice that the original had been lost.

■■■ On appeal the defendant attacks the admissibility of the test but does not do so on the ground urged in the trial court nor on the basis that such tests are inadmissible per se. He attacks it on the ground that the person who administered the test was not called upon to testify and that a proper foundation was not established for the introduction of the evidence. A party objecting to the introduction of evidence must specify the particular ground for the objection in all instances

where the objection, if pointed out, might be corrected by the adverse party. People v. Merrill, 76 Ill App2d 82, 221 NE2d 145 (1966). An objection to evidence on a specific ground constitutes a waiver of the right to object to the evidence on other grounds E. A. Meyer Const. Co. v. Drobnick, 49 Ill App2d 51, 199 NE2d 447 (1964). Since the defendant's objection was neither addressed to the qualifications of the testor nor to the lack of a correct foundation being established for the exhibit, he is precluded from raising these objections for the first time on appeal.

The judgments are affirmed.

Affirmed.

SCHWARTZ and SULLIVAN, JJ., concur.