Flossie Bear, Plaintiff-Appellant, *v.* Holiday Inns of America, Inc., Defendant-Appellee.

(No. 71-18; 

Second District—November 11, 1971.

Knowlton & Lenz, of Freeport, for appellant.

Keegan & Gosdick, of Rockford, (Thomas A. Keegan, of counsel,) for appellee.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

The plaintiff, Flossie Bear, accompanied by two of her friends went to the Holiday Inn in Freeport, Illinois for the purpose of having dinner at the Inn's restaurant. The plaintiff entered the lobby and as she was proceeding into the restaurant entrance area she fell down the step which separated the lobby from the lower level where the restaurant was located. She brought an action against the defendant, Holiday Inns

of America, Inc., to recover for the injuries which she sustained, alleging that it negligently maintained the entrance area to the restaurant. The jury returned a verdict for the defendant, judgment was entered on the verdict and the plaintiff appeals from that judgment.

■■ The plaintiff contends that the court erred in refusing to tender two of her instructions to the jury. However, we are precluded from reviewing these instructions because the plaintiff did not abstract them. It is well settled that "all instructions must be abstracted and the party tendering them identified before they are available for review." *People v. Woodruff* (1956), 9 Ill.2d 429, 440.

The plaintiff next contends that defendant's exhibits one and two, photographs of the area where she fell, should not have been admitted into evidence. These photographs were admitted after an employee of the Inn testified that from the day of the accident until the day the photograph was taken, no structural changes had been made in the entrance area except for the replacement of a small piece of carpeting. Upon defendant's offer of the photographs into evidence, the plaintiff objected, stating that the conditions had changed since the day of the accident in that the carpeting had been replaced. The trial judge admitted the exhibits since the jury had already been clearly informed that the carpeting had been changed.

■■ The plaintiff's contention on appeal is that the photographs were inadmissible because there was no testimony that the lighting conditions existing when the photos were taken were the same as when the accident occurred. Although this lack of testimony might have precluded admission of the exhibits the plaintiff has waived all objections concerning the lighting conditions. At the trial her only objection concerned the change in the carpeting. Nothing was mentioned regarding the lighting conditions. The law is that:

"A party objecting to the introduction of evidence must specify the particular ground for the objection in all instances where the objection, if pointed out, might be corrected by the adverse party. (Citation omitted) An objection to evidence on a specific ground constitutes a waiver of the right to object to the evidence on other grounds. (Citation omitted.]" *People ex rel. Blackmon v. Brent,* (1968), 97 Ill.App.2d 438, 442-443.

If the plaintiff had objected to the lack of a foundation because of the lighting conditions the defendant would have had an opportunity to cure his defect. However, since no objection was made, the plaintiff is precluded from raising this new objection on appeal. See, *Town of Cicero v. Industrial Com.* (1950), 404 Ill. 487, 495; *Forest Preserve Dist. v. Lehmann Est.* (1944), 388 Ill. 416, 429.

The plaintiff's final contention is that the verdict is against the manifest weight of the evidence. We have carefully reviewed the record and find this contention to be without merit. Consequently, we must affirm the judgment entered in the trial court.

Judgment affirmed.

GUILD and SEIDENFELD, JJ., concur.