CLARENCE E. MITCHELL, Plaintiff-Appellee, *v.* TOLEDO, PEORIA & WESTERN RAILROAD COMPANY, Defendant-Appellant.

(No. 71-7; 

Third District—March 2, 1972.

Cassidy & Cassidy, of Peoria, (David Mueller, of counsel,) for appellant.

Stamm & Makovic, of East Peoria, (W. L. Stamm, of counsel,) for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is a personal injury action under the Federal Employers' Liability Act. The plaintiff was injured when hit in the head by a flying piece of wood while he was coupling railroad cars on the defendant's depot siding at Fairbury, Illinois. He filed a complaint alleging, in Count I, that he was injured by reason the coupling mechanism's being defective and therefore in violation of the Federal Safety Appliance Act, and, in Count II, that the defendant was negligent.

The trial court submited the two counts to a jury. The jury awarded the plaintiff $10,000.00. In answer to a special interrogatory, it found that the defendant was not guilty of negligence as charged in Count II of the complaint. The court entered judgment on the verdict and overruled post-trial motions, and this appeal followed.

The defendant contends that the complaint does not state a cause of action; that the instructions were erroneous; and that it should have been

awarded a directed verdict or a judgment notwithstanding the verdict, by reason of the plaintiff's having failed to make adequate proof that the Federal Safety Appliance Act was violated and that his injury resulted in whole or in part from the violation.

■■ We have considered the plaintiff's amended complaint but do not find that it fails to state a cause of action. Rather, it appears to us that all necessary allegations are made. (See 32 Am.Jur.2d, Federal Employers' Liability and Compensation Acts sec. 68.) Furthermore, given a liberal construction it appears to inform the defendant adequately of the nature of the claim. (*Fitzgerald v. Van Buskirk*, 96 Ill.App.2d 432; *Kita v. Y.M.C.A. of Metropolitan Chicago*, 47 Ill.App.2d 409.) Any lesser defects were waived by answering the amended complaint without objection and going to trial. *County of Winnebago v. Willsey*, 122 Ill.App.2d 149.

■■ The defendant complains of various instructions given the jury. However, the excerpts from the record do not include any instructions, nor the objections to instructions, nor the conference on instructions. The excerpts should contain everything necessary to reach a decision. (*Davis v. Davis*, 128 Ill.App.2d 427.) This includes all of the instructions, the objections, and the conference. (*Crader v. Illinois Power Co.* (App.Ct. 1971), 272 N.E.2d 413; *Backlund v. Thomas*, 40 Ill.App.2d 8.) From what appears in the defendant's brief we cannot find that the instructions given by the trial court were erroneous or misleading. On appeal all reasonable presumptions are in favor of the judgment of the trial court, and although the entire record is available, the reviewing court is not required to search the record to find reason to reverse. *Denenberg v. Prudence Mutual Casualty Co.*, 120 Ill.App.2d 68.

The defendant maintains that the plaintiff did not establish that the Federal Safety Appliance Act was violated and that his injury was caused by the violation. This Act states: "It shall be unlawful for any common carrier engaged in interstate commerce by railroad to haul or permit to be hauled or used on its line any car used in moving interstate traffic not equipped with couplers coupling automatically by impact, and which can be uncoupled without the necessity of men going between the ends of the cars." 45 U.S.C. Sec. 2.

■■ The scope of appellate review of a case of this kind is governed by federal law and is limited to determining whether there is an evidentiary basis for the verdict. (*Bowman v. Illinois Central R.R.*, 11 Ill.2d 186.) Regarding the scope of review the United States Supreme Court has stated: "Only when there is a complete absence of probative facts to support the conclusions reached does a reversible error appear. But where, as here, there is an evidentiary basis for the jury's verdict, the

jury is free to discard or disbelieve whatever facts are inconsistent with its conclusion." *Lavendar v. Kurn,* 327 U.S. 645.

On proof of a violation of the Act it has been said: "If the switchman operates the coupler with due care in the normal manner, the jury can decide that the coupler is defective in violation of the Act by virtue of its failure to release after several attempts." (*Southern Pacific Co. v. Mahl,* 406 F.2d 1201.) On establishment of causation: "We need not resolve the conflict between these competing theories of causation, for that decision was for the jury." *O'Donnell v. Elgin, Joliet & Eastern Ry.,* 338 U.S. 384.

In this case there was testimony that the plaintiff tried three or four times to uncouple the cars by raising the coupling pin by means of the long lever which extends to the side of the car, but the pin would not stay up; that the pin was about forty years old; that a fork within the coupling apparatus was worn and for this reason would not hold the pin up; and that the pin would not have dropped back if the mechanism had been in proper working condition. There was testimony, further, that the plaintiff then reached down between the cars to hold up the pin; that something hit him on the head; that he saw a piece of wood fly past his head; that he thought something had fallen off the pulley car or magnet above him; but that the air hose when disconnected might have blown something off the ground which hit him.

■■ We think that in the light of the cases we have cited, there was an evidentiary basis for the verdict and the judgment must be affirmed.

Judgment affirmed.

STOUDER, P. J., and SCOTT, J., concur.