Louis E. Whiteside, Individually and as Admr. of the Estate of Robert L. Whiteside, Deceased, Plaintiff-Appellant, *v.* Jack D. Evers, Defendant-Appellee.

(No. 72-310; )

Fifth District—October 2, 1973.

Harris and Lambert, of Marion, and Byron L. Connell, Jr., of Mounds, for appellant.

James B. Bleyer, of Marion, for appellee.

Mr. PRESIDING JUSTICE EBERSPACHER delivered the opinion of the court:

This is an appeal by plaintiff Louis E. Whiteside individually and as the administrator of the Estate of his son Robert L. Whiteside, deceased,

from a verdict for defendant Jack Evers, the judgment entered thereon, and denial of plaintiff's post-trial motion, in the circuit court of Johnson County.

The complaint alleged the wrongful death of Robert L. Whiteside, deceased, charging defendant with negligence. In addition to the jury's finding a general verdict for the defendant, they also found, in answer to two special interrogatories, that defendant was guilty of negligence and that plaintiff's decedent was guilty of contributory negligence. There was no eyewitness testimony and the jury was called upon to determine the question of liability from circumstantial evidence; principally the location of the two vehicles which had apparently met on a two lane highway near the crest of a hill between 1:30 and 2:00 A.M. and the location of debris on both sides of the highway.

Plaintiff appellant contends that the closing argument of counsel for defendant was highly inflammatory and so prejudicial as to deny plaintiff a fair trial and that the trial court erred in denying plaintiff's post trial motion. He has pointed out numerous excerpts of defendant's argument some of which were objected to, and some of which were not, contending that some are prejudicial error, as well as arguing the cumulative effect.

■■ Where necessary to insure a fair trial and protect the judicial process from deterioration we consider errors where no objection was made in the trial court. *Underwood v. Pennsylvania R.R. Co.*, 34 Ill.2d 367, 215 N.E.2d 236.

Our latest statement of the rule applicable here is found in *Galluccio v. The Hertz Corp.*, 1 Ill.App.3d 272, 280, 274 N.E.2d 178, 184, where we said:

> " 'The rule governing review of assignments of error based upon alleged improper argument to the jury is clearly stated in *Belfield v. Coop*, 8 Ill.2d 293, 134 N.E.2d 249. The character and scope of argument to the jury is left very largely to the trial court, and every reasonable presumption must be indulged in that the trial court has performed his duty and properly exercised the discretion in him. [Case cited]. The attitude and demeanor of counsel and the general atmosphere of the trial are observed by the trial court, and cannot be reproduced in the record on appeal. The trial court is, therefore, in a better position than a reviewing court to determine the prejudicial effect, if any, or a remark made during argument, and unless clearly an abuse of discretion, its ruling should be upheld.' "

See also *Brayfield v. Johnson*, 62 Ill.App.2d 59, 65, 210 N.E.2d 28, 31.

We necessarily consider the conduct complained of in light of the con-

duct of opposing counsel. *Walsh v. Chicago Rys. Co.*, 303 Ill. 339, *Crutchfield v. Meyer*, 414 Ill. 210, 111 N.E.2d 142.

Here in the opening closing argument plaintiff's counsel set the tone, and defendant's counsel responded in kind. The case was vigorously tried by experienced trial lawyers. Each counsel apparently felt the jury was religiously oriented and sympathetically inclined in a rural county and could be appealed to by oral argument oriented in the same manner. Each attempted to impress upon the jury that righteousness and moral obligation was on his side, at the same time telling the jury that the case must be decided upon the evidence and the law as set out in the instructions. Each sought to exploit every advantage and draw and point out every favorable inference from the circumstantial evidence presented. Each expressed their opinions of the evidence and the inferences they felt should be drawn from it.

We agree that the injection of religious questions and sympathy diverts the jurors from judicial consideration of the facts and the law. (See *Bulleri v. Chicago Transit Authority*, 41 Ill.App.2d 95, 190 N.E.2d 476.) The rule is equally applicable to plaintiffs and defendants, and whether one counsel exceeded its bounds, must be determined with reference to the conduct of opposing counsel. Here the conduct complained of is not comparable to that present in *Bulleri*. Both counsel here were much more subtle. We neither approve nor condone the conduct of counsel, and find arguments on both sides that were objectionable.

■■ The trial court both at the time of the arguments and in review on the post-trial motion, did not conclude that the parties were denied a fair trial. No objections are raised to instructions given or instructions refused. We have considered each of the instances cited by plaintiff, with his contention relative thereto, and have considered the cumulative effect. When we consider the argument of both parties we cannot say that the trial court abused its discretion and permitted the jury to be misled by improper argument.

■■ Only in a clear case of improper and prejudicial argument will a verdict be reversed by a reviewing court. As was said in *Bruske v. Arnold*, 100 Ill.App.2d 428, 436 241 N.E.2d 191, 195:

> "The ultimate question on review is not whether a trial was scrupulously free from error, but whether there was error which operated to the prejudice of the appealing party or unduly effected the outcome below. (Nelson v. Union Wire Rope Corp., 31 Ill.2d 69, 199 N.E.2d 769.)"

For these reasons we affirm.

G. MORAN and CREBS, JJ., concur.