LAWRENCE P. CARGNINO, Plaintiff-Appellant, *v.* FONVILLE C. SMITH, Defendant-Appellee.

(No. 73-30; )

Fifth District—November 16, 1973.

*Rehearing denied January 28, 1974.*

Londrigan & Potter, of Springfield, for appellant.

Roberts and Kepner, of Springfield (Maurice Kepner, of counsel), for appellee.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Plaintiff appeals from a judgment entered on a jury verdict in favor of the defendant in a personal injury action.

Plaintiff lived less than a block from Route 104 in Kincaid, Illinois. He testified that he woke up around 5:30 A.M. on the day of the accident, which was his normal waking hour. He usually left home at 7:30 A.M. to report for work at a coal mine at 8:00 A.M. This morning he was out of cigarettes, and since none were sold at the mine, he decided to go to a place called the "Hut" to purchase some. His car flooded, and since he had time before his ride to work was to arrive, he decided to walk. Route 104 runs in an east-west direction. Plaintiff's home and the Hut are both on the north side of the road. There are no sidewalks alongside the road in this area. However, the road had a graded shoulder perhaps 8 to 10 feet wide, apparently of a gravel and asphalt composition. The defendant testified that he was aware that pedestrians used this shoulder. Plaintiff testified that he was walking in a westerly direction on the shoulder of the road on the north or right-hand side. Defendant was driving his automobile at a speed of 15 to 20 miles per hour. Plaintiff had traveled an estimated 150 to 200 feet along the highway when the accident occurred. There were no witnesses to the accident other than the parties.

Plaintiff claimed that there was traffic both ways, with people going to work, but that he was not aware of defendant's car until he was hit, so he remembers little about the accident. He claims that he was off the highway on the shoulder, which defendant disputes. Plaintiff first claimed that he was four or five, and later claimed he was three or four feet off the road.

Defendant testified that he was driving about 15 to 20 miles per hour and watching the road and the headlights of a car going the opposite direction, and did not see the plaintiff until just before he hit him, which occurred right after the other car passed. Defendant claimed that he was on the highway and had not been forced off by the other car, and that plaintiff was on the road rather than the shoulder. He testified that he swerved toward the left or the center of the road in order to "dodge" the plaintiff, just as he hit him. He did not have time to hit the brakes. He claimed that his swerving or dodging did not cause him to cross over the center line of the road. The plaintiff was struck by the right front of the car and was carried 10 or 15 feet on the hood of the car before rolling off the right side of the hood. Defendant pulled over on the shoulder, parked the car, got out and walked back. He testified that the plaintiff was lying with his head adjacent to and his body roughly

perpendicular to the highway, and that he smelled a strong odor of alcohol on the plaintiff's breath.

Plaintiff contends that the defendant committed reversible error by intentionally introducing prejudicial and irrelevant evidence concerning plaintiff's drinking on the day before the accident. Before the trial began, plaintiff's counsel requested the court to limit defendant's inquiry into certain events which occurred the day before the accident. These incidents involved the plaintiff's drinking beer in several taverns and an altercation between plaintiff's wife and another woman in one of the taverns. The trial court refused to rule at that time, indicating that rulings would be made as they came along during the trial. Defendant succeeded in introducing over the plaintiff's objection evidence concerning plaintiff's drinking the day before the accident. Defendant also attempted to introduce evidence concerning the altercation involving plaintiff's wife, but the court properly sustained an objection to this testimony. No attempt was made to show that plaintiff had had anything to drink after 7:30 P.M. on the day before the accident, and defendant did not even tender any instructions on intoxication.

Defendant argues that the evidence of drinking on the day before the accident was proper to explain the "strong odor of alcohol" which defendant testified he smelled on plaintiff's breath after the accident. However, there is no connection established between the drinking the day before the accident and the odor of alcohol which defendant claimed he smelled after the accident. The evidence of drinking the day before was thus irrelevant as being too remote in time to have any probative value, and was too inflammatory and prejudicial to be proper. Defendant has cited no authority for the contention that it is proper to introduce evidence of unrelated and unconnected drinking to "explain" an odor of alcohol. Defendant's contention is without merit.

██ We conclude that it was error for defendant to inject evidence of drinking the day before the accident.

The standards for appellate review to determine if error is harmless or prejudicial are well-established. In *Duffy v. Cortesi* (1954), 2 Ill.2d 511, 119 N.E.2d 241, our Supreme Court said:

> "Where error is shown to exist, it will compel reversal, unless the record affirmatively shows that the error was not prejudicial. (Crane Co. v. Hogan, 228 Ill. 338.)" 2 Ill.2d at 517.

In *Both v. Nelson* (1964), 31 Ill.2d 511, 202 N.E.2d 494, the Supreme Court said:

> "It is not every error, of course, that will require a reversal. Where it appears that an error did not affect the outcome below, or where the court can see from the entire record that no injury

has been done, the judgment or decree will not be disturbed. [Citations.] But where the case is a close one on the facts, and the jury might have decided either way, any substantial error which might have tipped the scales in favor of the successful party calls for reversal. (Edwards v. Hill-Thomas Lime & Cement Co., 378 Ill. 180; Chicago, Burlington and Quincy Railroad Co. v. Warner, 108 Ill. 538.)" 31 Ill.2d at 514.

■■ This court is unable to measure the extent to which the improper testimony affected the jury's verdict. Under these circumstances we cannot say that "the record affirmatively shows that the error was not prejudicial" as required by *Duffy v. Cortesi, supra,* or as stated in *Both v. Nelson, supra,* that the error did not tip the scale in defendant's favor. We conclude, therefore, that the error requires reversal of the judgment and remandment for a new trial.

We next consider an evidentiary issue which may arise at retrial.

At trial, defendant succeeded in introducing, over plaintiff's objection, evidence that plaintiff had applied for and received social security total disability benefits for emphysema and also black lung total disability benefits. Plaintiff's doctor testified that the conditions which gave rise to these disability benefits were progressive and did not prevent plaintiff from working, that they were distinct from the disability incurred as a result of the accident, that plaintiff could have applied for the black lung and emphysema benefits several years before the accident, and the plaintiff was disabled from working for at least a year by the injuries received in the accident. Defendant introduced no contrary evidence.

■■ The plaintiff contends that the introduction of evidence of receipt of social security and black lung benefits was error under the collateral sources rule. Defendant contends that the evidence was proper to show plaintiff was totally disabled from these preexisting disabilities and that the agencies passing on plaintiff's applications agreed that plaintiff was totally disabled from the preexisting conditions. However, what government agencies felt about plaintiff's disabilities from emphysema and black lung disease has no bearing on plaintiff's disability caused by the accident. The uncontroverted testimony was that plaintiff was disabled from working for at least a year solely because of injuries received in the accident, totally distinct from his emphysema and black lung condition. Thus, testimony of black lung and social security benefits was improper under the collateral source rule. (*Hudson v. Leverenz* (1956), 9 Ill.App.2d 96, 107, 132 N.E.2d 427; *Hudson v. Leverenz* (1956), 10 Ill.2d 87, 89, 139 N.E.2d 255; *Schmitt v. Chicago Transit Authority* (1962), 34 Ill.App.2d 67, 76, 179 N.E.2d 838.) On retrial such testimony should not be permitted. We do not mean to suggest that evi-

dence of plaintiff's prior physical condition, including black lung disease and emphysema, is to be excluded. However, plaintiff's prior physical condition can be established without any reference to governmental agencies' standards for disabilities from unrelated causes or any reference to benefits which such agencies disburse.

Reversed and remanded.

JONES and CREBS, JJ., concur.