EDDIE HOOPER, Plaintiff-Appellee, *v.* MANEY MIZYAD, Indiv. and d/b/a Crown Food Store, Defendant-Appellant.

First District (1st Division)    No. 80-2278

Opinion filed July 27, 1981.

Law Offices of George J. Guest, of Chicago (Dalton P. Grief, of counsel), for appellant.

Cooney & Stenn, of Chicago (Kevin Conway and Robert S. Minetz, of counsel), for appellee.

MR. JUSTICE GOLDBERG delivered the opinion of the court:

In this personal injury case, the jury returned a verdict in favor of Eddie Hooper (plaintiff) and against Maney Mizyad, individually and doing business as Crown Food Store (defendant) for $35,000. By answer to special interrogatory, the jury found plaintiff free of contributory negligence. Defendant has appealed.

In this court, defendant contends the trial court erred in calling two witnesses as court's witnesses; the testimony of a police officer was incompetent hearsay and the conduct of plaintiff's counsel during trial constituted prejudicial error.

The parties have contended themselves with brief statements of fact required to pass upon the above contentions. On December 17, 1977, plaintiff was approximately 77 years old. He entered a neighborhood store conducted by defendant to purchase some cigarettes. Plaintiff was a regular customer of the store. Plaintiff was in the store for 4 to 5 minutes. Plaintiff entered and turned to the left. He was the third person in line at the checkout counter. When plaintiff walked to the counter, approximately 5 or 6 feet, he noticed nothing unusual on the floor. He saw nothing on the floor in the counter area. The clerk who waited on plaintiff, Naief Salem, was a nephew of defendant. Salem handed the cigarettes to plaintiff. Plaintiff testified he saw no one come up behind him at that time. Plaintiff stated that, as he turned to leave, he fell over some bags on the floor. Plaintiff did not place these bags on the floor.

I

Defendant first urges the trial court improperly permitted plaintiff to call two witnesses as court's witnesses. The witnesses in question were Adel Abdallah and Naief Salem. Both were employed in defendant's store.

Each of these witnesses had given statements to plaintiff and to defendant. Plaintiff took statements before a court reporter. Plaintiff's counsel had typewritten statements of both interviews. Defendant's employees took statements in handwriting. The difficulties attendant upon the trial are compounded by the fact that neither of these witnesses

was fluent in English. The trial court, who followed the proceedings with complete diligence, commented several times upon the difficulties these witnesses had in the use and understanding of English.

The record shows counsel for plaintiff told the trial court Abdallah would be the next witness. The trial court then informed the jury that "Abdallah is being called as the court's witness." The court did not examine Abdallah except to ask if he understood and usually spoke English. Both questions were answered affirmatively. Counsel for plaintiff then proceeded to question the witness as on direct examination. The witness said he was "9 yards" away when plaintiff entered the store. He testified plaintiff tripped and fell on a bag near plaintiff's foot. Counsel for defendant then proceeded to cross-examine Abdallah. Plaintiff's counsel used the out-of-court statements of the witness in this procedure.

The witness Naief Salem was not called by plaintiff. He was called by defendant. Defendant's counsel stated:

"By order of court, your Honor, this gentleman will be designated as the court's witness."

However, counsel for defendant then proceeded to direct examination of the witness. Salem testified he sold the cigarettes to plaintiff and:

"He take the cigarettes and put them in the pocket. Next thing he know and go flop."

Counsel for plaintiff then proceeded to cross-examine the witness. This witness testified:

"I no talk English good. I speak Arabic."

Counsel for plaintiff then cross-examined the witness in connection with his out-of-court statement.

Two useful decisions on a court's witness in civil cases are *Dear v. Chicago Transit Authority* (1979), 72 Ill. App. 3d 729, 391 N.E.2d 119, and *Crespo v. John Hancock Mutual Life Insurance Co.* (1976), 41 Ill. App. 3d 506, 354 N.E.2d 381. As *Crespo* points out, the practice of calling a court's witness originated in criminal proceedings and was limited to eyewitnesses. Both parties are entitled to cross-examine and impeach court's witness. (See 41 Ill. App. 3d 506, 515-16.) In both of these cases verdicts for plaintiff were reversed because of use of the court's witness device and for other reasons. We do not believe the same result is required in the instant case.

In *McCormick v. Bucyrus-Erie Co.* (1980), 81 Ill. App. 3d 154, 166, 400 N.E.2d 1009, a strict liability case, this court found use of a court's witness did not result in "prejudice sufficient to require reversal even if the [trial] court would be found to have erred in permitting him to testify as a court's witness." It has been stated a court's witness is to be used where a witness will testify to relevant matters "and a miscarriage of justice might occur if the testimony is not brought to the attention of the

fact-finder." (*Woodward v. Mettille* (1980), 81 Ill. App. 3d 168, 182, 400 N.E.2d 934, *appeal denied* (1980), 81 Ill. 2d 588.) In *Woodward*, this court found no error in refusal of the trial court to call a witness as a court's witness. 81 Ill. App. 3d 168, 182.

■■■ In the case before us we cannot say either party was prejudiced by the use of the court's witness or witnesses. It cannot be concluded that one party only was prejudiced. If there was any prejudice from this practice, it was equally distributed to both parties. As the record reflects, each party attempted to obtain benefit from this procedure by examination of the witnesses upon the basis of out-of-court statements with which both sides were provided. In addition, the testimony is in great part cumulative to the testimony of plaintiff and of a police officer which will later be considered. The fact that plaintiff fell while in the store is not a matter of dispute. Also, there is a considerable element of judicial discretion involved in permitting use of a court's witness. Consequently, on the entire record before us, we cannot find significant prejudice resulted to either party from the proceedings here. We find no reversible error in this regard.

## II

Plaintiff called a police officer who came to the scene after plaintiff was injured. On direct examination the officer testified, without objection, that he found plaintiff lying on the floor inside the store and plaintiff "stated he fell over some grocery bags and hurt his hip." On cross-examination, the officer stated he was accompanied by another police officer who prepared the report. The officer testified he reviewed the police report before he came to court. The officer also stated he had no independent recollection of what plaintiff told him. He had forgotten the incident until he looked at the report. The officer testified his recollection was based upon the report itself. The report was not read to the jury. Thereafter counsel for defendant objected to the testimony of the officer on the stated grounds that the officer had no "independent recollection" of the conversation with plaintiff and his testimony was hearsay. The trial court overruled the objection.

The courts of Illinois have made a clear distinction between reading from a report and using a report or any other document to refresh the memory of the witness. In *People v. Black* (1980), 84 Ill. App. 3d 1050, 1054, 406 N.E.2d 23, this court held "[t]he manner and mode of refreshing recollection is within the sound discretion of the trial court." The court held competent testimony from a police officer who made "repeated references to a report" after his recollection had been exhausted. 84 Ill. App. 3d 1050, 1054.

■■ Another authority in point here is *People v. Van Dyk* (1976), 40 Ill.

App. 3d 275, 279, 352 N.E.2d 327, *appeal denied* (1976), 63 Ill. 2d 562. The court there also pointed out the ruling of the trial court with reference to the extent to which a witness may refer to a writing for refreshing his memory is within the scope of the trial court's discretion and this ruling will not be modified in the absence of an abuse of discretion. The court there. also noted the memorandum need not itself be competent evidence, and there is no requirement that memorandum was prepared by the witness himself.

We find these authorities more pertinent to the situation here than the cases relied upon by defendant:

In *People v. Jenkins* (1973), 10 Ill. App. 3d 166, 171, 294 N.E.2d 24, this court rejected the testimony of an examining physician. The court specifically commented on the fact that the hospital report which the witness looked at "did not refresh his memory." (*Jenkins*, 10 Ill. App. 3d 166, 171.) In the case before us the officer testified his recollection had been refreshed by examination of the report.

In *Rigor v. Howard Liquors, Inc.* (1973), 10 Ill. App. 3d 1004, 1010, 295 N.E.2d 491, the officer referred to his report on direct examination. On cross-examination, he stated he could only testify to the facts in his report so that this court was "convinced that the witness's testimony on cross-examination clearly showed that he had no recollection of the accident even after reviewing the police report." *Rigor*, 10 Ill. App. 3d 1004, 1010.

In the instant case this testimony by the officer consisted of approximately 12 words. This evidence is entirely cumulative. It does not differ to any degree from the testimony of the witness Adel Abdallah or the testimony of plaintiff himself. The able trial judge considered this matter during the trial. Also, the point was specified in defendant's post-trial motion so that it was presumably reconsidered by the trial court in his denial of the motion. We find no abuse of discretion in this regard and no reversible error.

To complete this point we will add that the testimony of the police officer was not hearsay. Both the officer and plaintiff were in court, under oath and subject to cross-examination. This satisfies the basic purpose of the hearsay rule. See *People v. Keller* (1970), 128 Ill. App. 2d 401, 408-09, 263 N.E.2d 127, citing *People v. Carpenter* (1963), 28 Ill. 2d 116, 121, 190 N.E.2d 738.

### III

Defendant urges the conduct of plaintiff's counsel was prejudicial. Defendant cites a number of situations in which counsel for plaintiff allegedly overstepped the bounds of legal propriety in his comments when the jury was present. Some of the accusations leveled by defense

counsel do not appear from the record. For example, one statement by plaintiff's attorney is characterized by defense counsel as "a loud and angry outburst." Another objection by defendant is directed to "pained expressions and gestures" by plaintiff's counsel.

One incident involves the fact that plaintiff's counsel put to his client a legally improper question: "What do you think is the biggest problem that you have personally as a result of this accident?" When the trial judge promptly sustained an objection by defendant's counsel, three similar questions were put by the trial attorney for plaintiff. The trial court sustained each of these objections. The trial judge then instructed plaintiff's counsel to ask a more proper question.

As to practically all of these situations, we find counsel for defendant was laudably prompt in his objections and the trial court was equally vigilant in sustaining objections. On other occasions the trial court called a recess and admonished plaintiff's counsel out of the presence of the jury. In all of these situations we do not find any request by defendant's counsel which the careful trial judge did not promptly act upon.

On the whole, we certainly cannot find that trial counsel for plaintiff should be commended for his conduct during the trial. However, this same comment applies to legally improper questions which trial counsel for defendant used in cross-examination. We can only commend the trial judge for his patience in handling a difficult situation.

At one point, counsel for the plaintiff told the trial court, "I only want to protect my client." This remark, made in the presence of the jury, was uncalled for. The trial court immediately initiated a discussion with both counsel outside the presence of the jury. The remarks made by the court and counsel on this occasion are not in the record. After both sides had rested, counsel for defendant made a motion for mistrial. The trial court reserved ruling on the motion and later denied it upon hearing defendant's post-trial motion.

In all fairness, it must be added that the record shows during argument of defendant's post-trial motion counsel for plaintiff, without contradiction, told the trial court that during the off-record discussion the court told trial counsel for defendant that if counsel wanted a mistrial he could have one because the court thought the statement made by plaintiff's counsel was prejudicial. At that time trial counsel for defendant refused a mistrial. "He said: 'No, I do not want a mistrial.'" Trial counsel for plaintiff also noted the judge then said, "I will take the motion for mistrial under advisement." The record shows that the trial court heard extensive arguments on the post-trial motion, which was denied along with the motion for mistrial.

Defendant cites three cases in support of his position here. *Whiteside v. Evers* (1973), 13 Ill. App. 3d 1089, 302 N.E.2d 254, is cited without

comment. This case and all others cited by both parties deal with allegedly improper opening statement or final argument to the jury. In *Whiteside*, the court simply brings out that the character and scope of argument to a jury is necessarily left largely to the trial court judge who is in a better position than a reviewing court to determine the effect of improper remarks by counsel. Thus, these rulings by the trial court are generally upheld unless a clear abuse of discretion appears. *Whiteside*, 13 Ill. App. 3d 1089, 1090.

Defendant also cites *Geisberger v. Quincy* (1972), 3 Ill. App. 3d 437, 278 N.E.2d 404. This court condemned repeated efforts by counsel to pursue inadmissible evidence (3 Ill. App. 3d 437, 441). A verdict for plaintiff was reversed. But, a reading of the opinion shows a number of additional criticisms and errors regarding which this court repeatedly held that the matters brought out were irrelevant and prejudicial. We cannot equate the situation in *Geisberger* with that in the case at bar. We note that in a rather similar situation, where improper opening statements had been made, this court affirmed the verdict. See *Clemons v. Alton & Southern R. R. Co.* (1977), 56 Ill. App. 3d 328, 334-35, 370 N.E.2d 679, *appeal denied* (1978), 71 Ill. 2d 602.

[redacted] Viewing this entire argument, we cannot agree that it constitutes ground for reversal of the judgment. The alleged conduct by counsel for plaintiff may well have militated against the plaintiff in the minds of the jurors. The statement by counsel for plaintiff which was the basis of the motion for mistrial was only one small statement contained in a record exceeding some 500 pages. We cannot say that this type of situation so influenced the jury as to impel us to reverse the judgment. We cannot conclude that these remarks deprived defendant of a fair trial. Compare *Mulvey v. Illinois Bell Telephone Co.* (1973), 53 Ill. 2d 591, 596-97, 294 N.E.2d 689.

Additionally, the trial judge took the matter of the requested mistrial under advisement and apparently gave it most careful consideration. Undoubtedly his intimate knowledge of the entire trial and his observation of the trial scene put him in a position far more favorable than this court has to observe and to evaluate the effect, if any, of these various matters.

[redacted] In *People v. Smothers* (1973), 55 Ill. 2d 172, 176, 302 N.E.2d 324, the supreme court noted:

> "The general atmosphere of the trial is observed by the trial court, and cannot be reproduced in the record on appeal. The trial court is, therefore, in a better position than a reviewing court to determine the prejudicial effect, if any, of a remark made during argument, and unless clearly an abuse of discretion, its ruling should be upheld."

Consequently, in matters involving argument and statements of counsel, a reviewing court should reason from the assumption "that the trial judge has performed his duty and properly exercised the discretion vested in him." *Smothers*, 55 Ill. 2d 172, 176.

We therefore conclude that defendant was not denied a fair trial. The judgment appealed from is accordingly affirmed.

Judgment affirmed.

McGLOON and O'CONNOR, JJ., concur.