EVELYN CHMIELESKI, Plaintiff-Appellee, *v.* VENTURE STORES, INC., Defendant-Appellant.

First District (4th Division)    No. 81-153

Opinion filed April 22, 1982.

Thomas J. Keevers and Daniel N. Janich, both of Chicago, for appellant.

No brief filed for appellee.

JUSTICE LINN delivered the opinion of the court:

Plaintiff filed an action for personal injuries which she sustained when she fell on defendant's sidewalk outside its store. A directed verdict

for liability was entered against defendant, and the jury then awarded $41,600 in damages.[1] Defendant now raises numerous issues in challenging this judgment. While plaintiff has not filed a brief as appellee, we shall consider the merits of defendant's position.

About 9 a.m. on Sunday, December 5, 1976, defendant's employee cleaned the sidewalk by defendant's store in Oak Lawn. This employee could not recall the later events, but his maintenance report for that day indicated that he would have checked the sidewalk every 30 minutes thereafter. Plaintiff arrived at defendant's store about 3:30 p.m. After conducting her business, she walked out onto the store sidewalk. About 25 feet from the defendant's doorway she fell, even though she walked carefully on the slippery sidewalk which was bumpy from footprints in the ice and "slushy in spots."

The bystander, who witnessed the accident and then assisted plaintiff, testified that the sidewalk was very slippery. Although he did not see an accumulation of ice and snow in the immediate area, he recalled that the sidewalk was wet with a light layer of dirt which formed a "slime condition." After assisting plaintiff into a store to await an ambulance, he went outside and saw several store employees salting the sidewalk.

Over a defense objection a letter supposedly written by Roger Coin, an employee of defendant's insurer Liberty Mutual, was read to the jury by plaintiff's counsel. This letter had been sent to plaintiff's treating physician. Counsel for plaintiff stated to the jury that the letter bore the name of Liberty Mutual Insurance Company, its business address and the date of January 17, 1977. Plaintiff's counsel quoted from the letter indicating that Liberty Mutual was defendant's insurer; that Coin, a member of the claims department, had investigated the accident and was of the opinion that defendant was liable; and that he would handle all claims and expenses incurred by plaintiff as a result of the accident. Evidence was also introduced that over approximately a 7-month period from the date of the accident certain medical and other bills were paid by the insurer.[2]

Defendant's initial contention is that the trial court erred in denying its motion for a directed verdict and in granting plaintiff's motion for a directed verdict on the issue of liability. The question of defendant's liability is closely interwoven with the admissibility of the letter from Roger Coin.

As stated in *Timmons v. Turski* (1981), 103 Ill. App. 3d 36, 38, 430 N.E.2d 1135:

---

[1] The co-defendant, Great Atlantic and Pacific Tea Company, received a directed verdict in its favor, and no question is raised as to the propriety of that ruling.

[2] At the time of trial plaintiff's counsel represented that Roger Coin was no longer employed by Liberty Mutual and was unavailable to testify.

"It is well settled that a property owner is not liable for injury sustained by a business invitee in a fall on an icy sidewalk or parking lot maintained by the property owner for the use of his customers where the condition is a natural one and not caused or aggravated by the property owner. (*Zide v. Jewel Tea Co.* (1963), 39 Ill. App. 2d 217, 188 N.E.2d 383.) On the other hand, a property owner may be liable for injury sustained by a business invitee who falls and is injured as a result of snow and ice which did not accumulate as a result of natural causes but as the result of the property owner's conduct in creating an unnatural or artificial accumulation of the snow and ice. (*Zide.*) Although there is no duty to remove snow and ice from one's premises, a voluntary undertaking to remove such snow and ice may be the basis of liability if the removal is performed negligently. (*DeMario v. Sears Roebuck & Co.* (1972), 6 Ill. App. 3d 46, 284 N.E.2d 330.) However, mere removal of snow, which may leave a natural ice formation remaining on the premises does not of itself constitute negligence."

(See also *Smalling v. La Salle National Bank* (1982), 104 Ill. App. 3d 894, 433 N.E.2d 713.) We are of the opinion that absent the letter by Roger Coin, the evidence does not show any basis to direct a verdict in favor of plaintiff on the issue of liability, or to even establish a basis for defendant's liability to be submitted to the jury.

Defendant maintains that there was no authentication for the letter; that no foundation to show Coin's authority to bind defendant as a principal was demonstrated; and Coin's statement that defendant was liable was merely a legal conclusion or expression of opinion and not an admission on the ultimate issue of fact.

In commenting upon the introduction of an otherwise inadmissible hearsay statement of a third party in a situation such as the present case, one authority has stated: "[I]t must be proved *prima facie*, that the third person was an agent * * *; and it must appear or be shown that he had authority as agent * * * or otherwise to make the statement * * * in question or that his statement or act had been ratified. Where a statement is in writing, it must also be identified by a witness who testifies to its correctness." 5 Callaghan's Illinois Evidence, sec. 10.77, pp. 424-425 (1964).

■■■ The evidence in the present case does not demonstrate that Roger Coin was an agent authorized to make a statement which would bind defendant. (*Kapelski v. Alton & Southern R.R.* (1976), 36 Ill. App. 3d 37, 42, 343 N.E.2d 207.) Further, Coin's statement was merely an expression of his opinion that defendant later disavowed. (*Strauch v. United States* (7th Cir. 1980), 637 F.2d 477, 481.) We therefore believe that Coin's letter

to plaintiff's physician was inadmissible as an admission. Absent this consideration the evidence presented by plaintiff was insufficient to establish defendant's liability. (Compare *Timmons v. Turski,* and authorities cited therein.) A directed verdict for defendant should therefore have been granted.

Accordingly, the judgment of the circuit court is reversed.

Reversed.

JOHNSON, P. J., and ROMITI, J., concur.