WALTER GELETO *et al.*, Plaintiffs-Appellees, *v.* JOSEPH GIGLIETTI, Individually and d/b/a Early Realty, Defendant-Appellant.

Third District    No. 76-44

Opinion filed July 21, 1976.

Codo and Bonds, of Joliet (Bruce L. Sumstein, of counsel), for appellant.

Galowich, Galowich, McSteen & Phelan, of Joliet (James E. Egan, of counsel), for appellees.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant Joseph Giglietti, lessee, appeals from a judgment in favor of the lessors, Walter and Esteele Geleto, who brought this forcible entry and detainer action to recover possession of first floor business premises located at 755 and 757 Ruby Street in Joliet, Illinois.

In 1970 plaintiffs and defendant entered into a written five-year lease which provided for a rent of $150 per month with defendant to have an option to renew the lease for an additional five years at $175 per month, provided that the option is exercised by written notice to plaintiffs more than 90 days before August 31, 1975. In October of 1975, plaintiffs brought this action to recover possession and three months rent totaling $510. The jury returned a verdict in favor of plaintiffs for possession and $450 rent, and defendant appeals from the judgment entered on that verdict.

Defendant testified that he orally notified plaintiffs of his intent to renew his lease for five years, when he saw Walter Geleto on the street during May, 1975, and said to him, "Walt, I intend to stay as a tenant." Mr. Geleto made no response, and defendant suggests that silence implied assent.

According to other evidence, in August 1975, defendant, through an agent, tendered a check for $150 for the rent due September 1, which would have been the first payment under the five-year renewal. Mr. Geleto told defendant's agent, "You better go back and tell Joe he better read his lease." Defendant argues that this statement implied that plaintiff wanted a check for $175 as provided in the lease, and thus was a waiver of

the written notice requirement. Plaintiffs respond that this statement refers to the fact that the original lease had ended.

Defendant also asserts that plaintiffs are estopped from claiming the benefit of the written notice provision because they previously waived other requirements in the lease. Evidence concerning remodeling bills and other transactions was introduced to show that the parties had not strictly followed the lease provisions. All of these matters were considered by the jury in reaching a verdict.

■■ Defendant seems to contend either that plaintiffs' conduct amounted to waiver of written notice as a matter of law, or that the verdict was against the manifest weight of the evidence. As to the first, the evidence is obviously susceptible to various conflicting inferences and thus the question of waiver was within the province of the jury.

■■ Second, we need not consider the manifest weight question because the record filed on appeal does not contain the transcript of the morning session of the trial at which plaintiffs presented their case. When a transcript is incomplete, we are bound to presume that all of the epidence heard by the jury was sufficient to support the verdict. *Flynn v. Vancil* (1968), 41 Ill. 2d 236, 242 N.E.2d 237.

■■ Because defendant wrote to Mr. Geleto on September 15, 1975, requesting renewal of the lease, defendant contends that the trial court erred by refusing to give his jury instruction no. 4 on unilateral waiver. However, the Excerpts of Record do not contain the instructions given, or the conference on instructions. We are unable to determine whether refusal to give this instruction was error without considering all the instructions given. A reviewing court need not search the record for reasons to reverse, and therefore we will not consider this issue. *Mitchell v. Toledo, Peoria & Western R.R. Co.* (3d Dist. 1972), 4 Ill. App. 3d 1, 279 N.E.2d 782.

■■ Defendant also claims the complaint was fatally defective because plaintiffs' names were typed at the bottom but no signature appeared in the blank provided. The Forcible Entry and Detainer Act (Ill. Rev. Stat. 1975, ch. 57, par. 5) requires a "complaint in writing," but a signature is not required. (*Wolff v. Jurgenson* (1st Dist. 1914), 185 Ill. App. 347.) Furthermore, any defects in pleadings, either of form or of substance, not objected to in the trial court are waived on appeal. Ill. Rev. Stat. 1975, ch. 110, par. 42.

After considering all of defendant's contentions, we conclude that the judgment entered in the Circuit Court of Will County must be affirmed.

Affirmed.

ALLOY, P. J., and BARRY, J., concur.