CENTRAL STEEL & WIRE CO., Plaintiff-Appellee, *v.* COATING RESEARCH CORPORATION, Defendant-Appellant.

First District (5th Division)   No. 76-1609

Opinion filed October 7, 1977.

Thomas H. Rudnik, of Chicago, for appellant.

Charles L. Wolberg and Merrill B. Meyer, both of Chicago (Rappaport and Meyer, of counsel), for appellee.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from a judgment for plaintiff in the amount of $1,799.04 after a bench trial. The amount represented a balance due on the account between the parties for the sale and delivery of a quantity of material. Defendant contends (1) that the trial court erred in allowing the impeachment of its president without a foundation having been laid and in admitting certain business records; and (2) that the evidence established plaintiff contracted and did business with a third party, Coating Research Corporation of Michigan, and not with defendant.

Only two witnesses testified in this case. James Miller, an inside salesman for plaintiff, stated that in February, 1975, he received a telephone order for material from Rich Vignola, who said he was ordering for Coating Research Corporation, in Schaumburg, Illinois (defendant herein), and that Vignola requested that the material be delivered to E-Z Grinding Company, also in Schaumburg. In March 1975, the material was delivered as requested, and a billing was sent to defendant for $1,854.04—of which only $75 has been paid.

Richard Vignola, president of defendant company, denied ordering the material in question and denied promising that defendant would pay for it. He said that defendant had never done business with plaintiff and the type of material involved (aluminum) was not used in the regular course of defendant's operations. He remembered receiving a billing for the material but stated his belief that he told plaintiff to send the bill to Coating Research Corporation of Michigan, located in Detroit. Vignola admitted that he designed and assembled a machine for the Michigan corporation and that the material in question which had been sent to E-Z Grinding was eventually used in the machine he had designed. He also recalled having telephone conversations with personnel of plaintiff subsequent to the original billing for the material but stated he made no promise that defendant would pay it.

Vignola testified that Carl Bagnell had asked him in September 1974 to design the machine and that Bagnell, being without funds, said he would form a corporation and give Vignola stock for the work he was to do. Although Coating Research Corporation of Michigan was incorporated on November 5, 1974, with Bagnell as president, Vignola said he never received any stock and did not know whether he was listed as an officer but he did cosign some of that company's checks with Bagnell.

A number of exhibits offered by plaintiff were received in evidence, including the telephone order form in the handwriting of Miller, which

bears the name of defendant as the customer and Rich Vignola as the caller. Included also was a follow-up billing which was admitted for the limited purpose of showing that plaintiff had billed defendant.

OPINION

Defendant first contends that the trial court improperly allowed impeachment of its president, Vignola.

During a section 60 examination, after Vignola had denied any promise to pay for the materials, he was asked the following question by plaintiff's attorney:

"So, if I told you that my records show that you had a conversation with the Credit Manager at Central Steel and Wire on September 16, 1975 in which you promised payment, would you say that was incorrect?"

Thereafter, the following colloquy occurred:

"MR. RUDNIK: Objection, your Honor. He's already answered.

MR. MEYER: No. He can answer that.

THE COURT: Let him finish his objection.

MR. RUDNIK: He's already asked and he's already answered. It's asked and answered. I think he's trying to refresh recollection possibly with a document that's self-serving. I don't think he can even refresh the recollection of the witness at this point. So I would object. It's been answered already.

THE COURT: You may answer. Overruled. Answer.

THE WITNESS: Okay. The procedure was if I had spoke to any individuals that called for the Michigan corporation, the only answers I would have given Central Steel would have been that any payment that was due to them would probably—would have to come from the Detroit corporation."

■■■ Defendant now argues the question asked was an attempt to impeach Vignola and that the court erred in allowing the question to be asked because no foundation had been laid. We reject this contention for a number of reasons: First, although a proper objection should have been sustained to the question because it is clearly improper as to form and substance, it appears that defendant objected only because the question had already been asked and answered. However, as the record discloses that the question had not been previously asked, the court did not err in overruling the objection on that ground. Moreover, a specific objection to evidence, as was the case here, is a waiver of other grounds. (See *E. A. Meyer Construction Co. v. Drobnick* (1964), 49 Ill. App. 2d 51, 199 N.E.2d 447; *Atlee Electric Co., Inc. v. Johnson Construction Co.* (1973), 14 Ill. App. 3d 716, 303 N.E.2d 192; 34 Ill. L. & Prac. *Trial* §63 (1958).) Second, where the ground of an objection is of a character that may be

obviated or remedied, the party objecting must point out the objection specifically, so as to afford the opportunity to correct it. (*People v. Fain* (1976), 41 Ill. App. 3d 872, 355 N.E.2d 61; *Mack v. Davis* (1966), 76 Ill. App. 2d 88, 221 N.E.2d 121.) Since foundation is required where the impeachment is by prior inconsistent statement (*People v. Powell* (1973), 53 Ill. 2d 465, 292 N.E.2d 409), and because lack of foundation is a ground of objection which is of a character that might be obviated or remedied, it should have been specifically stated (see 34 Ill. L. & Prac. *Trial* §63 (1958)). Third, because an objection to lack of foundation should have been made in the trial court, the ground may not be raised on appeal for the first time. (*First National Bank of Elgin v. Husted* (1965), 57 Ill. App. 2d 227, 205 N.E.2d 780.) Fourth, even were we to assume error in allowing the question to be answered, reversal is not required where there has been no prejudice. (*Walters v. Taylor* (1976), 36 Ill. App. 3d 934, 344 N.E.2d 765; *Fugate v. Sears, Roebuck & Co.* (1973), 12 Ill. App. 3d 656, 300 N.E.2d 600.) Here, Vignola made no direct answer to the question, and the only possibility of prejudice would be an implication from the question that he promised payment to plaintiff's credit manager. In view of the fact that Vignola on several occasions made the positive statement that he made no promises to pay the billing and because the record reveals no indication that the court gave any consideration to the implication in the question, we see no prejudice whatsoever to plaintiff.

Defendant also argues that the admission in evidence of plaintiff's billing statement was error because neither the keeper of the records nor his supervisor gave foundation testimony for their admission. We disagree.

It appears that the billing statement was introduced as a business record under Illinois Supreme Court Rule 236(a) (Ill. Rev. Stat. 1973, ch. 110A, par. 236(a)), which provides:

> "(a) Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of the act, transaction, occurrence, or event, if made in the regular course of any business, and if it was the regular course of the business to make such a memorandum or record at the time of such an act, transaction, occurrence, or event or within a reasonable time thereafter. All other circumstances of the making of the writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but shall not affect its admissibility. The term 'business,' as used in this rule, includes business, profession, occupation, and calling of every kind."

Under this rule, the witness who testifies as to the records may be

anyone acquainted with the business and familiar with the records themselves. *Benford v. Chicago Transit Authority* (1973), 9 Ill. App. 3d 875, 293 N.E.2d 496; *Smith v. Williams* (1975), 34 Ill. App. 3d 677, 339 N.E.2d 10.

■■ In the instant case, it appears from Miller's testimony that he was familiar with the company's billing process; that the statement was made in the regular course of its business and was kept as a part of its permanent records; and that he had more than a surface knowledge, as the matter in question was his personal account. In the absence of any evidence to the contrary as to Miller's knowledge, it is our belief that his testimony formed a sufficient basis for the admission of the record.

Lastly, defendant contends that a third party, Coating Research Corporation of Michigan, an entity separate from defendant, was responsible for payment of the material.

It is within the province of the trial court to weigh the evidence presented and to make findings of fact (*Stilwell v. Continental Illinois National Bank & Trust Co.* (1964), 31 Ill. 2d 546, 202 N.E.2d 477), and unless the holding of that court is manifestly against the weight of the evidence, a reviewing court will not disturb its judgment (*Schulenburg v. Signatrol, Inc.* (1967), 37 Ill. 2d 352, 226 N.E.2d 624).

■■ Defendant maintains that the materials in question "were ordered by Coating Research Corporation, a Michigan corporation, and by someone other than Richard Vignola, president of Coating Research Corporation, an Illinois corporation"; that the corporations were separate entities; and that although plaintiff began to send bills to defendant and spoke to Vignola about them, "Mr. Vignola never promised to pay the debt but indicated that the Michigan corporation was the proper corporation to send the bills to." It is the testimony of plaintiff's salesman (Miller) however, that Vignola telephoned the order to him and requested that the materials be sent to E-Z Grinding Company, in Schaumburg; that Vignola represented he was calling for Coating Research Corporation in Schaumburg (defendant herein); that the material was in fact sent to E-Z Grinding Company and a bill sent to the Schaumburg address of defendant. In support of Miller's testimony, a number of records were introduced—significant of which was the telephonic order form for the material filled out in the handwriting of Miller, bearing the name of plaintiff as the customer and Vignola as the caller, and a copy of a billing sent to defendant. Additionally, it was admitted by Vignola that he designed and assembled the machine into which the materials eventually were placed after they were initially sent to E-Z Grinding Company. Furthermore, although he admitted discussions with personnel of plaintiff concerning the billing of the material and indicated they should be sent to the Michigan corporation, the record does not disclose that he informed

948

plaintiff at any time that the latter corporation was responsible for payment.

Under these circumstances, we cannot say that the finding of the trial court was against the manifest weight of the evidence.

In view of the foregoing, we affirm the judgment appealed from.

Affirmed.

LORENZ and WILSON, JJ., concur.