THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* NINA CANAMORE, Defendant-Appellant.

Third District No. 79-823

■■■

Opinion filed August 14, 1980.—Supplemental opinion filed on denial of rehearing September 29, 1980.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Bruce Black, State's Attorney, of Pekin (John X. Breslin, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE STOUDER delivered the opinion of the court:

Defendant Nina Canamore was charged by information with the offense of criminal trespass to vehicles. After a jury trial in the circuit court of Tazewell County, she was found guilty as charged and sentenced to a 90-day term of imprisonment. She now appeals her conviction and sentence.

On December 31, 1978, Bonnie Smith, the alleged victim of the trespass, drove her 1972 Plymouth Valiant to Pekin Hospital, where she was employed. After parking the car, she failed to lock it and apparently left her keys in its ignition. When she left the hospital later that day, she discovered her car missing and reported the theft to the police. She described the automobile as green on the bottom, with a black vinyl top and noticeable dent in one door. She had not given anyone permission to drive it that day.

At approximately 11:50 p.m. that evening, Officer Donald Nell spotted a green and black 1972 Plymouth Valiant. As a result of an earlier police dispatch concerning the stolen car, Officer Nell stopped the vehicle, which defendant had been driving in the company of a companion, Roseann Stark. Over defense objection, Officer Nell stated defendant produced no identification at that time. She then was arrested for the offense at bar. While Nell did not recall the condition of the

automobile or a noticeable dent in one door, Mrs. Smith verified the car as hers in a telephone conversation with police early the next morning.

At trial, defendant testified she had borrowed the car from a friend of her brother, Randy Reed, and had no idea it had been stolen. She stated she had previously asked Reed if he could loan her an automobile and testified as to the sequence of events leading to her arrest. Around noon on December 31, she went to Stark's home and at approximately 3:30 p.m., Reed appeared in the Valiant. When defendant testified that Reed told her the vehicle was a family car, the trial court sustained one of several hearsay objections to testimony concerning his statements. Defendant and Stark then joined Reed, defendant's brother and a third individual in the automobile. After a short drive, the latter three individuals left the car and defendant drove to Peoria and Lincoln, and returned to Pekin, where she was arrested. Stark testified to the same series of events, although she stated that Reed was unaware they planned to travel to Peoria and Lincoln. She testified that she thought the car belonged to Reed's brother and had no idea it was a stolen vehicle. At the time of the incident, all of the involved individuals were under 18 years of age.

■■ As previously mentioned, the trial court sustained several hearsay objections to defendant and Stark testifying to the statements of Reed concerning the automobile. Defendant contends the court erred in these rulings as the statements were not intended to demonstrate the truth of the matters asserted; rather, they were intended to demonstrate the effect upon the listeners. The distinction has been thus framed:

> "The distinction between admissible testimony and that which is barred by the hearsay rule is well illustrated by Wigmore's example of the witness A testifying that 'B told me that event X occurred'. If A's testimony is offered for the purpose of establishing that B said this, it is clearly admissible—if offered to prove that event X occurred, it is clearly inadmissible, for the only probative value rests in B's knowledge—and B is not present to be cross-examined." (*People v. Carpenter* (1963), 28 Ill. 2d 116, 121, 190 N.E. 738, 741.)

In the case at bar defendant was not seeking to prove, by means of Reed's statement, that the vehicle in question belonged to Reed's family or his brother; rather, she intended to demonstrate the effect of the statements upon her and her companion. In this manner, she could advance her reason for being unaware the automobile was stolen and buttress the good faith of her beliefs. As the testimony was offered to demonstrate the statements were made, the trial court erred in excluding this evidence. We

believe this error was prejudicial and deprived the defendant of a fair trial because it significantly impaired the defendant's theory of her case. Consequently, a new trial is required.

As this cause must be remanded for a new trial, we address two additional issues which may arise in that proceeding.

Prior to trial, the defendant filed a motion *in limine* seeking to exclude any testimony concerning her prior conviction for driving without a license. The conviction arose out of the occurrence at bar, and the trial court offered no ruling on the motion, an omission to which no error is assigned. While an objection to a question concerning the license was sustained, an objection to an immediately subsequent question about "identification" was overruled. In this manner, the jury was alerted to the previously prosecuted offense.

■■ Subject to exceptions not here applicable, it is generally the rule that evidence of a distinct substantive offense, or evidence which tends to mislead or prejudice the jury, cannot be admitted in a prosecution for another offense. (*People v. Ciucci* (1956), 8 Ill. 2d 619, 137 N.E.2d 40, *aff'd sub nom. Ciucci v. Illinois* (1958), 356 U.S. 571, 2 L. Ed. 2d 983, 78 S. Ct. 839.) When evidence of prior criminality is not direct, but merely inferential, the determinative issue is the probative and prejudicial effect of the nexus of the admitted and prior criminality. (*People v. Price* (1979), 76 Ill. App. 3d 613, 394 N.E.2d 1256; *People v. Coleman* (1974), 17 Ill. App. 3d 421, 308 N.E.2d 364.) Here the evidence was inferential, as the People made no direct reference to the conviction, and we find the testimony to have minimal, if any, probative value. As the potential prejudicial impact outweighs such probative value, the trial court erred in admitting this testimony.

The second issue which may arise in the new proceeding concerns one of the instructions submitted to the jury in this cause. Illinois Pattern Jury Instruction, Criminal, No. 16.04 (1968), tendered to the jury over defendant's objection, provides in pertinent part:

> "To sustain the charge of criminal trespass to a vehicle, the State must prove the following propositions:
>
> First: That the defendant knowingly entered any part of the [vehicle-aircraft-watercraft] of _____; and
>
> Second: That the defendant did so without [authority or] the consent of _____.
>
> ❋ ❋ ❋"

Defendant contends the instruction is in direct conflict with Illinois law as the second issue of entry without consent does not employ the term "knowingly."

While we agree that knowing entry without authority (Ill. Ann. Stat.,

ch. 38, par. 21—2, Committee Comments—1961, at 55 (Smith-Hurd 1977)) is the essential element of the charged offense, we find this adequately represented in the tendered instruction. While the term "knowingly" is not present in the second proposition, the words "did so" in that issue refer back to the defendant "knowingly" entering the subject vehicle or craft as stated in the initial proposition. We therefore find no error in the submission of this instruction to the jury.

Accordingly, the judgment of the circuit court of Tazewell County is reversed and this cause remanded for further proceedings in accordance with the views herein.

Reversed and remanded.

ALLOY, P. J., and STENGEL, J., concur.


SUPPLEMENTAL OPINION ON DENIAL OF REHEARING

Mr. JUSTICE STOUDER delivered the opinion of the court:
Defendant has filed a petition for rehearing requesting that we reach the question of whether the evidence adduced at trial was sufficient to establish her guilt beyond a reasonable doubt. In view of the mandate of the supreme court in *People v. Taylor* (1979), 76 Ill. 2d 289, 391 N.E.2d 366, that this question be addressed when raised and an appellate court reverses a criminal conviction and remands the cause for a new trial, we now consider this issue.

■ Defendant challenges the sufficiency of the evidence establishing the identification of the vehicle in question and her knowing entry without consent into the vehicle. We have considered the evidence presented at trial and hold that the jury could have properly found defendant guilty of the offense at bar. In so holding, we protect defendant's constitutional privilege against double jeopardy and in no way imply a finding as to defendant's guilt which would be binding on the trial court on remand.

In accordance with the views expressed in our original and supplemental opinions, the judgment of the circuit court of Tazewell County is reversed, this cause is remanded for further proceedings in that court, and the petition for rehearing is denied.

Reversed, remanded, and petition for rehearing denied.

ALLOY, P. J., and STENGEL, J., concur.