LYNN WAECHTER, Plaintiff-Appellant, v. CARSON PIRIE SCOTT & COMPANY, Defendant-Appellee.

Second District   No. 2—87—0927

Opinion filed May 26, 1988.—Rehearing denied June 20, 1988.

---

*This opinion was prepared and concurred in prior to Justice Stamos' resignation from the court.

REINHARD, J., specially concurring.

James J. DeSanto, of James J. DeSanto, P.C., of Waukegan (Newton E. Finn, of counsel), for appellant.

Steven L. Larson, of Wildman, Harrold, Allen & Dixon, of Waukegan (Linda E. Spring, of counsel), for appellee.

JUSTICE UNVERZAGT delivered the opinion of the court:

Following a jury trial, the circuit court of Lake County entered a judgment in favor of defendant, Carson Pirie Scott & Company (Carson's), in this personal injury action. Plaintiff's sole contention on appeal is that the trial court erred in excluding as hearsay her testimony regarding certain statements made to her, at the time of her injury, by an unidentified employee of Carson's.

Plaintiff was injured on September 3, 1983, when an escalator on which she was riding in Carson's Orland Park store apparently stopped suddenly, causing her to fall to the bottom. Immediately after her fall, plaintiff walked over to Carson's customer service counter and reported the incident to an unidentified woman behind the counter. According to plaintiff, the woman responded: "Oh, no, not again. The escalator repairman has been out here I don't know how many times the past two weeks." The woman then asked plaintiff to sit down. Next, Karen Budoff, a security employee of Carson's, arrived and spoke with plaintiff. After giving a full account of the incident to Budoff, plaintiff declined medical attention and went home. She filed suit against Carson's on January 8, 1985. Carson's was unable to provide the names of its employees who worked at the customer service desk on the date of plaintiff's injury, in response to plaintiff's discovery requests, because those records had been destroyed. At trial, the court excluded plaintiff's testimony regarding the statements made to her by the unidentified customer service clerk as hearsay. The jury returned a verdict for Carson's.

■■ ■ Hearsay testimony is testimony relating "an out-of-court statement offered to establish the truth of the matter asserted therein, and resting for its value upon the credibility of the out-of-court asserter." (*People v. Rogers* (1980), 81 Ill. 2d 571, 577; *Lundberg v. Church Farm, Inc.* (1986), 151 Ill. App. 3d 452, 458.) A hearsay statement is not admissible unless it satisfies one of the recognized exceptions to the rule. (See *People v. Camp* (1984), 128 Ill. App. 3d 223, 229; see also E. Cleary & M. Graham, Handbook of Illinois Evidence

§801.1, at 505 (4th ed. 1984).) Plaintiff argues that she did not attempt to introduce the statements to establish the truth of the matters asserted, *i.e.*, that the escalator had stopped suddenly before and that the repairman had been to the store frequently in the previous two weeks to repair it. Rather, she offered it only as circumstantial evidence that Carson's had received notice, prior to her accident, of the escalator's dangerous condition. Plaintiff contends that, introduced for that limited purpose, the testimony was not hearsay.

Plaintiff cites section 1789 of Dean Wigmore's treatise on evidence as authority for her contention that the rule against hearsay does not preclude the introduction of testimony regarding out-of-court statements made by one person as circumstantial evidence that another person had notice or knowledge of a dangerous condition. (6 Wigmore, Evidence §1789, at 319 (Chadbourn rev. ed. 1976).) That rule, however, applies only to the situation where the relevant notice, knowledge, or state of mind results because of, or in consequence of, the out-of-court statement. In the first paragraph of the section, Wigmore states:

"Wherever an utterance is offered to evidence the state of mind *which ensued in another person in consequence of the utterance,* it is obvious that no assertive or testimonial use is sought to be made of it, and the utterance is therefore admissible, so far as the hearsay rule is concerned." (Emphasis added.) 6 Wigmore, Evidence §1789, at 314 (Chadbourn rev. ed. 1976).

In *People v. Canamore* (1980), 88 Ill. App. 3d 639, for instance, the court held that a defendant charged with criminal trespass to a vehicle could properly testify that a friend told her the vehicle in question was a family car. The court concluded that the statement was not hearsay because it was not offered to prove the truth of the matter asserted—that the car was a family car—but to show why the defendant believed the car was not stolen. (*Canamore*, 88 Ill. App. 3d at 641, cited in 6 Wigmore, Evidence §1789, at 22 (Chadbourn rev. ed. Supp. 1987); see also *People v. Jennings* (1986), 142 Ill. App. 3d 1014, 1028 (holding the contents of a police broadcast admissible to show "that the arresting officer received notice of an at-large suspect"); see generally E. Cleary & M. Graham, Handbook of Illinois Evidence §801.5, at 516-17 (4th ed. 1984) (regarding statements introduced to show their effect on the listener).) The out-of-court statement by her friend caused the defendant in *Canamore* to believe the car was not stolen. Here, by contrast, if Carson's did have notice that its escalator was in a dangerous condition, that notice was not acquired *in consequence of* the customer service clerk's statements to plaintiff, as the clerk could not have given notice to herself.

To the extent that a statement is offered as circumstantial evidence of the knowledge of the declarant, rather than of the listener, it ordinarily does not qualify for this nonhearsay use, because it depends for its relevance upon the declarant's belief in the statement's truth or falsity. (E. Cleary & M. Graham, Handbook of Illinois Evidence §801.5, at 519-20 (4th ed. 1984) (rejecting as irrelevant any distinction between circumstantial and direct evidence for hearsay purposes and focusing instead on whether the testimony's relevance depends upon the truth of the matter asserted or the declarant's belief in its truth or falsity).) Such a statement may qualify instead under the state-of-mind exception to the hearsay rule, which applies when the declarant's knowledge or belief is significant to the issues in the case (*People v. Olinger* (1986), 112 Ill. 2d 324, 348). Plaintiff appears, alternatively, to contend that the state-of-mind exception applies here.

■ Plaintiff does not claim that the customer service clerk's statement qualified as a vicarious admission by a party opponent (see *Kapelski v. Alton & Southern R.R.* (1976), 36 Ill. App. 3d 37, 42), and she did not offer it as such. She offered the statement as circumstantial evidence of the clerk's knowledge that the escalator had stopped suddenly before, and she argues that the clerk's knowledge is relevant because it can be imputed to Carson's. (See *Perminas v. Montgomery Ward & Co.* (1975), 60 Ill. 2d 469, 473.) We must conclude, however, that to admit the clerk's statement under the state-of-mind exception to establish her knowledge or notice of a defect and then to attribute that knowledge to Carson's would completely abrogate the well-established foundation requirements which must be met prior to the introduction of an agent's statement as an admission by her employer. (See *Kapelski*, 36 Ill. App. 3d at 42 (requiring the proponent of the evidence to show that: (1) the declarant was the agent or employee of the person against whom the evidence will be used; (2) the statement related to matters within the agent's authority, and (3) the agent made the statement by virtue of that authority); see also E. Cleary & M. Graham, Handbook of Illinois Evidence §802.9, at 538-39 (4th ed. 1984) (concluding that the present trend of authority is to admit the statement of an agent if it was made during, and regarding matters within the scope of, his or her employment).) Virtually any statement by an agent will be indicative of the agent's knowledge or then-existing state of mind. (See, *e.g., Oak Lawn Trust & Savings Bank v. City of Palos Heights* (1983), 115 Ill. App. 3d 887, 895-96 (involving agent-appraiser's opinion that the property in question was already zoned for its best use); *Cornell v. Langland* (1982), 109 Ill. App. 3d 472, 476 (in which golf course employee stated that he knew the defendant's score

cards misstated the distance from the tee to the pin where plaintiff was injured); *Kapelski*, 36 Ill. App. 3d at 41 (in which the agent admitted his employer's responsibility for plaintiff's injury).) To require the proponent to establish only that the agent was an employee of the party against whom the testimony is offered before admitting it into evidence would effectively eliminate the additional requirements established in *Kapelski* that the agent must have made the statement regarding matters within the scope of her authority and by virtue of that authority (*Kapelski*, 36 Ill. App. 3d at 42). We will not do so. Since plaintiff did not attempt to establish the appropriate foundation at trial, we conclude that the evidence was properly excluded.

■■ Plaintiff asserts that her testimony is analogous to testimony held properly admitted in *Nicholson v. St. Anne Lanes, Inc.* (1985), 136 Ill. App. 3d 664. In *Nicholson*, the plaintiff and another witness were permitted to testify that, after plaintiff was injured when he slipped on a bar of soap in defendant's bowling alley, the bartender at the alley stated that he thought it was dangerous for the alley to use bar soap in its restroom. The *Nicholson* court noted, however, that the bartender testified to the same facts at the trial and that, therefore, "the hearsay reports of * * * plaintiff were merely corroborative of the bartender's direct testimony." (136 Ill. App. 3d at 669.) This appears to be a conclusion that the court's error, if any, in admitting the testimony, was harmless.

In the instant case, the customer service clerk did not testify at the trial, nor did any other witness or evidence corroborate her statements. To the contrary, the mechanic who regularly serviced Carson's escalators testified that he gave the escalator in question routine preventive maintenance on August 23, 1983, 11 days before plaintiff's injury. He stated that he was not called out to Carson's again until September 6, 1983, when he was called to repair a different escalator. Plaintiff's testimony regarding the clerk's statements, therefore, would not have been merely corroborative of other, competent testimony.

■■ We note that the plaintiff additionally appears to argue that it is irrelevent whether the escalator had, in fact, previously malfunctioned; the evidence was offered only to show that the defendant had received information, through its clerk, that it had. This theory does not avoid the hearsay problem discussed above, but adds another dimension to it. Plaintiff's position essentially amounts to the argument that the customer service clerk impliedly stated that someone informed her on one or more previous occasions that the escalator had stopped suddenly. If that is the case, there were two out-of-court declarations

rather than one: (1) the reports of unidentified persons to Carson's customer service clerk; and (2) the unidentified customer service clerk's statement to plaintiff. This proposed use of plaintiff's testimony therefore creates a "double hearsay" problem, for which a hearsay exception (or a nonhearsay use of the statement) must apply at each level in order to make the statement admissible. See, *e.g.*, *Bradley v. Booz, Allen & Hamilton, Inc.* (1978), 67 Ill. App. 3d 156, 162-63.

If other persons did in fact report prior sudden stops to the customer service clerk, the clerk (and Carson's, through her) received notice of a defect in the escalator *as a result of* those reports. Had the clerk been available as a witness, she could have testified to the out-of-court reports made to her, not to demonstrate their truth, but to show that Carson's had received such notice. This testimony would fall into the same category of nonhearsay testimony as the evidence held admissible in *Canamore. (Canamore*, 88 Ill. App. 3d at 641; 6 Wigmore, Evidence § 1789, at 314 (Chadbourn rev. ed. 1976); see also *Carswell v. Southeastern Pennsylvania Transportation Authority* (1978), 259 Pa. Super. 167, 182, 393 A.2d 770, 777-78 (noting that defendant's employees' in-court testimony regarding out-of-court complaints made to them was properly admitted on the issue of notice).) Plaintiff's testimony regarding the clerk's statement to her, however, was an additional step removed from the out-of-court reports made to the clerk. Plaintiff has failed to establish that this second level of the double hearsay was admissible as nonhearsay testimony or under an exception to the hearsay rule. Even under this theory, therefore, the testimony was offered to prove the truth of the matter impliedly asserted by the clerk—that she had, in fact, received earlier reports that the escalator had stopped. The testimony was inadmissible hearsay.

The proponent of excluded testimony is ordinarily limited on appeal to the grounds for admissibility raised in the trial court. (*Light v. Steward* (1984), 128 Ill. App. 3d 587, 591; see also *Hairgrove v. City of Jacksonville* (1937), 366 Ill. 163, 182; *Crimp v. First Union Trust & Savings Bank* (1933), 352 Ill. 93, 98.) The disputed testimony was a hearsay statement which plaintiff did not qualify as admissible under any exception to the hearsay rule. The trial court properly excluded it.

For the reasons stated, the judgment of the circuit court is affirmed.

Affirmed.

NASH, J., concurs.

JUSTICE REINHARD, specially concurring:

While I believe the result of the majority opinion is correct, I specially concur because I cannot agree with some of the analysis contained therein. The single issue in this case can be more concisely resolved.

Plaintiff concedes in her brief that she is not contending that the purported statement by the unnamed customer service representative is admissible as a statement by an agent or servant concerning a matter within the scope of her employment. Such statements, when a proper foundation is made, are admissible as admissions of a party and are an *exception* to the hearsay rule. (See E. Cleary & M. Graham, Handbook of Illinois Evidence §802.9, at 538 (4th ed. 1984).) Rather, plaintiff maintains that the statement is offered to show, circumstantially, defendant's notice of the dangerous condition of the escalator and is not hearsay evidence because it is not offered to show that the escalator malfunctioned.

Hearsay does not encompass all extrajudicial statements, but only those offered for the purpose of proving the truth of matters asserted in the statement. (See E. Cleary & M. Graham, Handbook of Illinois Evidence §801.5, at 515-20 (4th ed. 1984).) The testimony of the unnamed clerk here was offered to imply that defendant had notice of a dangerous condition. Although the proposed use of the unnamed clerk's testimony through plaintiff's testimony would constitute double hearsay, it is admissible if each of the two statements falls within an exception to the hearsay rule or is a nonhearsay use of the statements. (See E. Cleary & M. Graham, Handbook of Illinois Evidence §805.1, Commentary, at 610 (4th ed. 1984); *Bradley v. Booz, Allen & Hamilton, Inc.* (1978), 67 Ill. App. 3d 156, 163, 384 N.E.2d 746.) Here, the testimony was offered to prove more than just the making of the statement. The relevance of the statement in order to prove notice of the dangerous condition depends upon the truth of the matter asserted—that the unnamed clerk had seen the escalator repairman out there many times in the past two weeks. Thus, the statement is hearsay (see generally E. Cleary & M. Graham, Handbook of Illinois Evidence §801.1, at 504-06 (4th ed. 1984)) and was properly excluded by the trial court.