KEITH WERNER, Plaintiff-Appellee, v. BOTTI, MARINACCIO AND De-SALVO *et al.*, Defendants-Appellants.

Fifth District   No. 5—89—0636

Opinion filed November 20, 1990.

Howard R. Wertz, of Botti, Marinaccio, DeSalvo & Tameling, Ltd., of Oak Brook, for appellants.

Keith Werner, of Madison, appellee *pro se.*

JUSTICE HARRISON delivered the opinion of the court:

Defendants, Botti, Marinaccio & DeSalvo and Mark and Marcia Loescher, appeal from a judgment of the circuit court of Madison County which awarded plaintiff, Keith Werner, $717.02 in damages, plus court costs, on plaintiff's small claims action for breach of contract. On this appeal, defendants contend that the circuit court erred in allowing plaintiff to present various forms of hearsay evidence and

that if this hearsay is excluded from the record, there is not sufficient competent evidence to sustain the circuit court's judgment. For the reasons which follow, we affirm.

Plaintiff is the sole proprietor of Medlaw, a company which provides experts, including doctors and nurses, to review medical records for attorneys for use in litigation. On September 1, 1988, plaintiff received a telephone call from Aldo Botti, an attorney with the law firm of Botti, Marinaccio & DeSalvo. Botti advised plaintiff that he was seeking a physician with experience testifying as an expert in court who could review medical records in a negligence action which Botti's firm was handling on behalf of Mark and Marcia Loescher. Plaintiff proposed a number of possible candidates to Botti and gave him information regarding their locations, credentials, and fee schedules. From these candidates, Botti selected Dr. Malcolm Brochin, a graduate of Harvard Medical School who was on the faculty at Yale and who practiced medicine in Connecticut.

Plaintiff informed Botti that he would charge $275 per hour for Brochin's services, plus incidental expenses such as postage, Federal Express bills, and telephone charges. He also advised Botti that Botti would have to pay a $500 retainer and provide him with all of the medical records, together with a cover letter. Plaintiff claims that Botti accepted these terms, tendered the requisite retainer check and forwarded the pertinent medical records. Plaintiff, in turn, supplied the records to Dr. Brochin, who conducted the review which Botti had requested.

Based upon his review of the records, which took four hours, Brochin could find no evidence of negligence, but recommended that the records be reviewed by a neonatologist. In a telephone conversation which plaintiff subsequently had with Botti, Botti disputed Brochin's findings. Plaintiff testified that he told Botti that Brochin felt strongly about his conclusions, and plaintiff asked Botti if he did in fact want the records reviewed by a neonatologist. According to plaintiff, Botti said that he did want such a review and that plaintiff should let him know what the retainer for this additional review would be. When plaintiff received the records back from Dr. Brochin, he therefore forwarded those records to Dr. Charles Brill, a board-certified neonatologist, and requested Brill to let him know what it would cost to have the records examined. In the course of forwarding the records to Dr. Brill, plaintiff incurred an additional $68 in Federal Express shipping charges.

Plaintiff paid Brochin for his services and sent his own bill to defendants. That bill, dated September 29, 1988, included charges for

four hours of work by Dr. Brochin at the quoted rate of $275 per hour, plus a Federal Express charge of $32, a charge of $10.22 for long distance telephone calls, and postage of $6.80, for a total of $1,149.02. From this, plaintiff deducted the $500 retainer he had already received, leaving a balance due of $649.02.

After Botti received plaintiff's bill, plaintiff discussed the bill with him by telephone. During that conversation, Botti expressed concern over the amount he was charged. According to plaintiff, Botti told him that he thought that the charges were a little high and that Botti's firm normally had to pay only $1,000 to have medical records reviewed by someone in Chicago, where Botti's office was located. Plaintiff explained to Botti that it was Botti who had selected Brochin, that Botti knew what the hourly charge would be, and that based on the size and complexity of the records, plaintiff did not think that the total charges were excessive. According to plaintiff, Botti then stated that he would pay the bill, although he indicated that in the future he would like "to have more said as far as how much it will cost to have records reviewed."

Despite Botti's assurance that the bill would be paid, such payment was not forthcoming. Plaintiff made two subsequent written requests for payment without avail, and attempts to contact Botti by phone proved unsuccessful. Finally, on January 10, 1989, plaintiff received a letter from Mr. Botti advising him that he regarded plaintiff's bill as excessive and would not pay it. Ten days later, on January 20, 1989, plaintiff brought his *pro se* small claims action against Botti's law firm and its clients, the Loeschers, seeking damages of $717.02, plus costs and interest. The $717.02 demanded included the $649.02 balance due under the September 29, 1988, bill plus the $68 in additional Federal Express charges plaintiff had incurred in forwarding the medical records to Dr. Brill.

Following an informal hearing pursuant to Supreme Court Rule 286(b) (113 Ill. 2d R. 286(b)), the circuit court entered judgment in favor of plaintiff and against the defendants in the amount of $717.02. The court also awarded plaintiff court costs of $29 for the filing fee and $15 for service fees. The court refused to grant plaintiff an award of prejudgment interest. A post-trial motion subsequently filed by defendants was denied, and this appeal followed.

On this appeal, defendants contend that the circuit court's judgment must be reversed because the circuit court allowed into evidence various matters which defendants believe constitute inadmissible hearsay. The specific offending matter to which defendants objected at trial included an affidavit by Dr. Brochin; plaintiff's testimony regard-

ing the initial telephone conversation which he had with Botti on September 1, 1988; and plaintiff's testimony regarding a subsequent telephone conversation with Brochin in which Brochin related a conversation he had had with Botti.

Dr. Brochin resided in Connecticut, and there is no dispute that he was beyond the reach of compulsory process and could not be compelled to testify at trial. Plaintiff resorted to use of Brochin's affidavit after the circuit court turned down a pre-trial request he made pursuant to Supreme Court Rule 287(a) (113 Ill. 2d R. 287(a)) to take Brochin's deposition. At the hearing, the circuit court denied defendants' hearsay objections to Brochin's affidavit and to the challenged telephone conversations on the grounds that their admission was proper under Supreme Court Rule 286(b) (113 Ill. 2d R. 286(b)), which provides that where, as here, an informal hearing is held in a small claims case, "the court may relax the rules of procedure and the rules of evidence."

Defendants argue that this holding was incorrect because it was tantamount to finding that Supreme Court Rule 286(b) (113 Ill. 2d R. 286(b)) has abrogated the common law prohibition against hearsay evidence. In defendants' view, the rule cannot be given such an expansive construction because if it were and if hearsay evidence were admissible, they would be deprived of their right to cross-examine witnesses and this, in turn, would be a violation of their due process rights under the United States Constitution and article I, section 2, of the Illinois Constitution of 1970. Defendants further contend that if the challenged evidence is excluded from the record, the circuit court's judgment cannot be sustained.

■■■ As a preliminary matter, we note that defendants' constitutional claims were not raised before the trial court. The general rule in civil cases is that constitutional arguments which are not raised by objection at trial are considered waived for purposes of appeal. (*In re Liquidations of Reserve Insurance Co.* (1988), 122 Ill. 2d 555, 567-68, 524 N.E.2d 538, 543-44.) Even if we were to set aside considerations of waiver, however, defendants' constitutional arguments would be unavailing.

A reviewing court will decide constitutional questions only where resolution of those questions is essential to disposition of the appeal. (*In re Application of the County Collector of Kane County for Judgment for Delinquent Taxes for the Year 1985* (1988), 172 Ill. App. 3d 897, 902, 527 N.E.2d 141, 143, *aff'd* (1989), 132 Ill. 2d 64, 547 N.E.2d 107.) This is not such a case. To decide this appeal, there is no need to reach the issue of whether adherence to the common law rule against

hearsay evidence is an invariable requirement of due process. Indeed, we do not believe that there is even any need to consider whether Supreme Court Rule 286(b) (113 Ill. 2d R. 286(b)) authorizes the admission of hearsay evidence in informal hearings on small claims actions. This is so because the evidence presented to the circuit court in this case was either not objected to; did not, in fact, constitute hearsay; or, even if hearsay, was not necessary to support the court's judgment.

■ As we have indicated, defendants interposed hearsay objections at the hearing only to (1) plaintiff's testimony regarding the initial telephone conversation which plaintiff had with Botti on September 1, 1988; (2) plaintiff's testimony regarding a telephone conversation he had had with Brochin in which Brochin related a conversation he had had with Botti; and (3) Brochin's affidavit. Although defendants now cite various other examples of alleged hearsay in their arguments before this court, defendants failed to object to this additional evidence at trial. It is axiomatic that an objection to hearsay evidence must be raised at the trial level and cannot be raised for the first time on appeal. (*Schwartz v. Alton & Southern Ry. Co.* (1976), 38 Ill. App. 3d 528, 531, 347 N.E.2d 829, 831.) Accordingly, defendants must be deemed to have waived their hearsay objections to all but the three matters we have just enumerated.

■ The first of these matters, plaintiff's testimony regarding his September 1, 1988, telephone conversation with Botti, was not in fact objectionable on hearsay grounds. This is an action for breach of an oral contract. Obviously, the only way to establish that an oral contract exists is by testimony as to the conversation which was had between the contracting parties. (*Creaghe v. Iowa Home Mutual Casualty Co.* (10th Cir. 1963), 323 F.2d 981, 985.) Accordingly, it has been recognized that the prohibition against hearsay does not preclude relevant testimony as to what the contracting parties said with respect to the making or the terms of an oral agreement. (323 F.2d at 984; 31A C.J.S. *Evidence* §261, at 681-82 (1964); E. Cleary, McCormick on Evidence §249, at 588-89 (2d ed. 1972).) Plaintiff's testimony regarding the September 1 conversation between him and Botti falls squarely within this rule. The record shows that the conversation consisted entirely of statements by the parties which constituted, or were at least a significant part of, the offer and acceptance which brought the contract into being. Thus, even though unsworn and made out of court, those statements were properly admitted.

■ Plaintiff's testimony was properly admitted for other reasons as well. That testimony consisted in large part of matters which plain-

tiff himself had said to Botti. The law is well established that where, as here, a declarant himself testifies as to prior out-of-court declarations he has made, and is therefore present in court and subject to cross-examination, the basis for excluding hearsay is removed, and no hearsay objection is appropriate. *Pyse v. Byrd* (1983), 115 Ill. App. 3d 1003, 1010, 450 N.E.2d 1374, 1379.

■■ ■ Even as to the statements which plaintiff attributed to Botti, plaintiff's testimony was not properly subject to a hearsay objection. It is axiomatic that any statement, whether oral or written, made out of court by a party to an action or attributable to a party to an action, which tends to establish or disprove any material fact in a case, is an admission and is competent evidence against that party in such action. (See *Maltby v. Chicago Great Western Ry. Co.* (1952), 347 Ill. App. 441, 458, 106 N.E.2d 879, 888; *Cardiel v. Warren* (1989), 191 Ill. App. 3d 816, 821, 548 N.E.2d 1081, 1084.) Correspondingly, a statement of an agent, when made in the exercise of his duties and pertaining to matters within the scope of his authority, may constitute an admission binding on the principal which can be introduced substantively against the principal. (*Oak Lawn Trust & Savings Bank v. City of Palos Heights* (1983), 115 Ill. App. 3d 887, 896, 450 N.E.2d 788, 796.) In this case, there is no dispute that the challenged statements attributable to Botti were made in the exercise of his duties and pertained to matters within the scope of his authority. Nor is there any dispute that the challenged statements were relevant to this case. Accordingly, those statements were properly admissible against defendants.

■■ We recognize that the circuit court did not follow this analysis in ruling on defendants' objections. It obviously believed that the statements related by plaintiff in his testimony regarding the September 1, 1988, telephone conversation were hearsay and would not have been admissible but for Supreme Court Rule 286(b) (113 Ill. 2d R. 286(b)). Nevertheless, a court's reasons for determining the admissibility of evidence are immaterial on appeal if there is a proper basis appearing in the record or law which would sustain the court's ruling. (*Cuellar v. Hout* (1988), 168 Ill. App. 3d 416, 425, 522 N.E.2d 322, 327.) As we have just shown, such a basis exists here.

■■ This leaves only plaintiff's statements regarding his telephone conversation with Brochin in which Brochin related a conversation he had had with Botti and the affidavit obtained by plaintiff from Brochin. We need not address whether these matters constitute hearsay, however, for even if they did, their admission would not be fatal to plaintiff's case. In a nonjury case, where the record contains sufficient

competent evidence to sustain the judgment, the law assumes that the trial judge considered only admissible evidence and disregarded improperly admitted evidence in reaching its decision. (*Vranas & Associates, Inc. v. Family Pride Finer Foods, Inc.* (1986), 147 Ill. App. 3d 995, 1006, 498 N.E.2d 333, 342.) This is such a case.

■■ ■ Plaintiff sought recovery based on defendants' breach of an oral contract to pay plaintiff for providing an expert to review certain medical records. To state a cause of action for breach of contract, a plaintiff must show the existence of a valid and enforceable contract, performance of the contract by plaintiff, breach of the contract by defendants, and resulting injury to plaintiff. (*Prevendar v. Thonn* (1988), 166 Ill. App. 3d 30, 35, 518 N.E.2d 1374, 1378.) Even if we exclude Brochin's affidavit and plaintiff's testimony regarding what Brochin and Botti had discussed with one another, the evidence was sufficient to prove these elements.

That evidence established that defendants, through Botti, accepted plaintiff's offer to have Dr. Brochin review medical records for them at a rate of $275 per hour, plus incidental telephone and mailing costs, with a retainer of $500 payable in advance to be applied toward the total bill. Although the parties did not specify how many hours were to be expended by Dr. Brochin, this was clearly not a material term. Botti indicated that the total amount did not matter, and no cap on the fees was imposed by him.

Defendants, by Botti, paid the requisite $500 retainer and sent the medical records for review. Plaintiff then did everything which was required of him under the agreement, and defendants received what they bargained for. The records were forwarded to Dr. Brochin, and there can be no serious dispute that Brochin performed the requested review and spent four hours doing so.

It was not necessary for the circuit court to have relied on Brochin's affidavit or on plaintiff's account of what Brochin and Botti had discussed in order to determine that this was so. That Brochin performed the work defendants had requested and had required four hours to do so was established through plaintiff's testimony, admissions by Botti which were properly admitted, and various documentary exhibits to which no hearsay objection was raised.

Although Botti protested at one point that Brochin had not furnished a written report based on his review, the trial court could certainly have found that a written report was not required under the agreement. Indeed, plaintiff testified (1) that Botti had specifically told him that he did not want anything to be put in writing by Dr. Brochin until Botti had discussed the matter with the doctor, and (2)

that Botti had decided against a written report after learning that Brochin's conclusions would not be favorable to the Loeschers' case.

There was also sufficient evidence to support a finding that the contract was breached by defendants. The record shows that defendants flatly refused to pay anything beyond the initial $500 retainer. While they were evidently unhappy that Brochin's conclusions were not favorable to them, this was no justification for their actions. Plaintiff was not retained by defendants on a contingency basis. Plaintiff's right to payment was not made to hinge on whether Brochin's conclusions were favorable.

Defendants' breach unquestionably resulted in damage to plaintiff. He received less than half of the money to which he was entitled under the contract. At the same time, he was required to pay Dr. Brochin $800 for his services and to advance out of his own pocket various postage, telephone and Federal Express charges which should have been borne by defendants. Considering only the evidence which was properly before the circuit court, plaintiff was therefore certainly entitled to the $649.02 for which he had originally billed defendants.

Plaintiff was likewise entitled to the additional $68 he sought for the Federal Express charges he incurred in sending the medical records to Dr. Brill, the neonatologist. The evidence properly before the circuit court plainly showed that Botti accepted plaintiff's offer to forward the records to a neonatologist and that plaintiff did, in fact, send the records as agreed. There was no dispute that the Federal Express charges incurred by plaintiff did amount to the $68 claimed, and based upon the prior discussions and dealings between the parties, it was clear that responsibility for these charges lay with defendants. Defendants have never claimed otherwise.

For the foregoing reasons, the judgment of the circuit court of Madison County in favor of plaintiff and against defendants in the amount of $717.02, plus court costs, is affirmed.

Affirmed.

HOWERTON and CHAPMAN, JJ., concur.