THOMAS BAFIA, Plaintiff-Appellant, v. CITY INTERNATIONAL TRUCKS, INC., Defendant-Appellee.

First District (1st Division)   No. 1—92—2946

Opinion filed January 31, 1994.

5

Gary B. Friedman, Ltd., of Chicago (Roy Olson, of counsel), for appellant.

Pope, Ballard, Shepard & Fowle, Ltd., of Chicago (Patricia T. Bergeson and Gregory W. Beihl, of counsel), for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

Plaintiff, Thomas P. Bafia, brought a retaliatory discharge action against defendant, City International Trucks, Inc., alleging that he was fired from his job with defendant because he filed and refused to withdraw a claim pursuant to the Workers' Compensation Act. (Ill. Rev. Stat. 1991, ch. 48, par. 138.4(h) (now 820 ILCS 305/4(h) (West

1992)).) At the close of plaintiff's case in chief, the trial judge granted defendant's motion for a directed verdict pursuant to the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1110 (now 735 ILCS 5/2—1110 (West 1992))) on the grounds that plaintiff failed to present sufficient evidence to support a verdict in his favor. On appeal, plaintiff contends that the trial judge erred in excluding necessary evidence on the ground that it was inadmissible hearsay. Plaintiff asserts that he was prejudiced by this erroneous exclusion of evidence because it prevented him from establishing his *prima facie* case. We reverse and remand for a new trial.

In 1982, plaintiff was employed as a truck mechanic for defendant. In 1985, plaintiff severely injured his back while at work and was unable to return to work for almost one year. During this time, plaintiff filed a workers' compensation claim and received his benefits. In 1986, plaintiff returned to work as the foreman of a newly created "third shift" or "overnight shift." In 1987, defendant terminated plaintiff. At the time plaintiff was fired, he was still unable to obtain a medical release to work as a mechanic. Defendant maintains that plaintiff's foreman position was eliminated because the "third shift" was unprofitable and that plaintiff was terminated because his back problems prevented him from being considered for a mechanic's position.

During his case in chief, plaintiff called Wyatt Ervin and Mike Boss as witnesses for the purpose of testifying to a statement they allegedly heard made by August Sunzere to the effect that plaintiff was fired for refusing to withdraw his workers' compensation claim. Between 1983 and 1987, Sunzere was the service manager and a partner with a 30% ownership interest. At the time of the trial, however, Sunzere was no longer employed by defendant. Defendant objected to this testimony on the grounds that it was inadmissible hearsay. Plaintiff argued that the testimony was admissible as a vicarious party admission. The trial judge agreed with defendant and excluded the testimony as hearsay. Plaintiff made no formal offer of proof as to the testimony of Ervin or Boss.

At the close of plaintiff's case in chief, defendant moved for a directed verdict pursuant to the Code of Civil Procedure. (Ill. Rev. Stat. 1991, ch. 110, par. 2—1110 (now 735 ILCS 5/2—1110 (West 1992)).) Defendant argued that plaintiff had failed to establish a *prima facie* case, and, in particular, failed to show a causal connection between the filing of his workers' compensation claim and his termination. The judge stated that plaintiff had not proven his case and granted defendant's motion. Subsequently, the judge denied plaintiff's motion for a judgment notwithstanding the verdict or, in the alternative, for a new trial. Plaintiff filed this timely appeal.

Plaintiff contends that the trial judge erred when he excluded Ervin's and Boss' testimony concerning a statement they heard made by August Sunzere on the ground that the statement was hearsay. Plaintiff asserts that Sunzere's statement satisfies the hearsay exception for vicarious party admissions. Defendant, on the other hand, maintains that the trial judge properly excluded the testimony of Ervin and Boss as hearsay and that plaintiff has failed to make a *prima facie* case. Defendant also argues that plaintiff has waived this issue by failing to make an offer of proof as to the substance of the testimony of Ervin and Boss.

■ We must first address whether plaintiff has waived this issue by failing to make an offer of proof. The purpose of an offer of proof "is to inform the trial court, opposing counsel, and a court of review of the nature and substance of the evidence sought to be introduced." (*Volvo of America Corp. v. Gibson* (1980), 83 Ill. App. 3d 487, 491, 404 N.E.2d 406, 409.) Therefore, as a general rule, in order to preserve for review a trial court's alleged error in excluding certain testimony, a party must make an offer of proof and the failure to do so usually will result in waiver of the perceived error. (*First National Bank v. Village of Mount Prospect* (1990), 197 Ill. App. 3d 855, 864, 557 N.E.2d 1257, 1263.) However, in many cases, the failure to make an offer of proof is not fatal if the content of the witness' excluded testimony is obvious. (*First National Bank*, 197 Ill. App. 3d at 865, 557 N.E.2d at 1263.) In other words, an offer of proof is not required where it is apparent that the trial judge understands the nature of the objection and the character of the evidence sought to be introduced or "where the questions themselves and the circumstances surrounding them show the purpose and the materiality of the evidence." *Volvo*, 83 Ill. App. 3d at 491, 404 N.E.2d at 409.

In the instant case, Ervin was asked on direct examination if he knew why plaintiff was fired. He responded "that it was because he wouldn't drop his workman's comp claim—his lawsuit." Plaintiff then immediately asked Ervin how he knew that plaintiff was fired because he would not drop his workers' compensation claim. Ervin began to testify that he knew because he had heard August Sunzere make such a statement when defendant objected on hearsay grounds. Subsequently, during the direct examination of Boss, defendant objected immediately after plaintiff asked "Do you ever recall [August Sunzere] saying anything about not bringing [plaintiff] back because he wouldn't withdraw his worker's [*sic*] compensation claim?" The judge forbade both Ervin and Boss from answering and excluded the testimony on the grounds that it was hearsay and Sunzere was unavailable to be cross-examined.

■ We find that a formal offer of proof was unnecessary because plaintiff's questions and the circumstances surrounding the questions "show the purpose and the materiality of the evidence." (*Volvo,* 83 Ill. App. 3d at 491, 404 N.E.2d at 409.) The trial judge and the opposing counsel clearly knew the "nature and substance of the evidence sought to be introduced." (*Volvo,* 83 Ill. App. 3d at 491, 404 N.E.2d at 409.) Additionally, the judge's ruling shows that he understood the nature of the objections, and the testimony which plaintiff asserts would have been elicited is equally obvious to this court. Thus, plaintiff has not waived this alleged error by failing to make a formal offer of proof.

The next question we must address is whether the testimony of Ervin and Boss as to the statement they allegedly heard made by Sunzere was properly excluded as inadmissible hearsay. Defendant argues that the testimony was properly excluded because plaintiff neglected to lay a sufficient foundation to show "that the statement was made about a matter over which Sunzere had actual or apparent authority and that he made the statement by virtue of that authority." Plaintiff responds that defendant has waived the issue of lack of foundation by failing to properly object at trial.

■ As a general rule, a specific objection is limited to the grounds specified and is a waiver of any other unspecified grounds. (*Central Steel & Wire Co. v. Coating Research Corp.* (1977), 53 Ill. App. 3d 943, 945, 369 N.E.2d 140, 143; *Kapelski v. Alton & Southern R.R.* (1976), 36 Ill. App. 3d 37, 43, 343 N.E.2d 207, 211.) The purpose of this waiver rule is "to disclose the nature of the objection, inform the trial court as to the particular frailty, and enable the party offering the objectionable testimony to confront the objection." (*Kapelski,* 36 Ill. App. 3d at 43, 343 N.E.2d at 211.) Additionally, where the ground for the objection is of a character that can be remedied such as a lack of proper foundation, the objecting party must make the objection in order to allow an opportunity to correct it. *Central Steel,* 53 Ill. App. 3d at 946, 369 N.E.2d at 143.

In the instant case, defendant did not object on the basis of lack of foundation. However, the hearsay objection defendant did present was sustained by the trial court. Thus, defendant had no reason to continue to object or to add additional grounds for precluding the objectionable testimony. Additionally, none of the reasons behind the waiver rule would have been satisfied by such an additional objection. By excluding the testimony based on the hearsay objection, a foundational objection was made irrelevant. Plaintiff would not have been given an opportunity to confront the objection or to remedy any alleged lack of foundation. Additionally, we note that a reviewing

court can affirm a trial court's decision based on any ground apparent in the record "regardless of whether the trial court relied on those grounds or whether the trial court's reasoning was correct." (*Milder v. Van Alstine* (1992), 230 Ill. App. 3d 869, 871, 595 N.E.2d 693, 694.) Thus, defendant did not waive this argument and were we to find that plaintiff failed to lay a proper foundation for the admission of this testimony, we could properly affirm the trial court's judgment on this ground.

■ Plaintiff, however, did lay a proper foundation. Moreover, the same evidence which establishes the foundation for the admission of the testimony of Ervin and Boss illustrates that Sunzere's alleged statement was a vicarious party admission and should have been allowed into evidence.

An out-of-court statement offered for the truth of the matter asserted and resting for its value upon the credibility of the out-of-court asserter is inadmissible as violative of the rule against hearsay. (*Waechter v. Carson Pirie Scott & Co.* (1988), 170 Ill. App. 3d 370, 372, 523 N.E.2d 1348, 1348-49.) Hearsay testimony is admissible, however, if it satisfies one of the numerous exceptions to the rule. (*Waechter*, 170 Ill. App. 3d at 372, 523 N.E.2d at 1349.) An "admission" or statement of a party which is inconsistent with his position at trial is one such exception to the hearsay rule and may be admitted into evidence against him. (*Oakleaf v. Oakleaf & Associates, Inc.* (1988), 173 Ill. App. 3d 637, 651, 527 N.E.2d 926, 935.) "It is axiomatic that any statement, whether oral or written, made out of court by a party to an action or attributable to a party to an action, which tends to establish or disprove any material fact in a case, is an admission and is competent evidence against that party in such action." (*Werner v. Botti, Marinaccio, & DeSalvo* (1990), 205 Ill. App. 3d 673, 679, 563 N.E.2d 1147, 1152.) Additionally, a statement by an agent may be attributable to his principal as an admission and admissible as substantive evidence against the principal. *Werner*, 205 Ill. App. 3d at 679, 563 N.E.2d at 1152.

In order for an agent's statement to be admissible as a "vicarious admission by a party opponent," however, the party offering the statement must first set forth a proper foundation for its introduction. (*Waechter*, 170 Ill. App. 3d at 374, 523 N.E.2d at 1350.) Specifically, the party offering the statement must first establish that (1) the person who made the statement was an agent or employee, (2) the statement was made about a matter over which he had actual or apparent authority, and (3) he spoke by virtue of his authority as such agent or employee. (*Cornell v. Langland* (1982), 109 Ill. App. 3d 472, 476, 440 N.E.2d 985, 988; *Kapelski*, 36 Ill. App. 3d at 42, 343

N.E.2d at 210.) Obviously, agents or employees are seldom given specific authority to make statements which are damaging to their principal, but such statements will be admitted if they concern matters within the scope of the agent or employee's employment. *Miller v. J.M. Jones Co.* (1992), 225 Ill. App. 3d 799, 803, 587 N.E.2d 654, 658.

In the instant case, prior to the testimony of Ervin and Boss, plaintiff called Robert Cournoyer, defendant's president and owner, to testify. The information elicited during Cournoyer's testimony clearly satisfied the foundational requirements which must be met before a vicarious admission by a party opponent can be introduced into evidence. Cournoyer testified that, between 1983 and 1987, Sunzere was his service manager and had a 30% ownership interest in the defendant company. According to Cournoyer's testimony, Sunzere, as the service manager, was the "second-in-command" and had more direct involvement with plaintiff. Cournoyer stated that all decisions ultimately rest with him, but that Sunzere hired plaintiff as the foreman of the "third shift" and also fired plaintiff.

Sunzere, therefore, was not only an employee, but also an owner of the defendant company with authority over hiring and firing. Additionally, the alleged statement attributable to him concerned matters within the scope of his employment. Thus, plaintiff established a proper foundation. Moreover, the statement clearly was an "admission" and competent evidence against defendant because it would tend to "establish or disprove" the ultimate issue in the case. Consequently, the trial judge abused his discretion in excluding the testimony of Ervin and Boss concerning Sunzere's alleged statement as inadmissible hearsay.

■ Finally, we must determine if this error prejudiced plaintiff and thus entitles him to a new trial. Plaintiff argues that this error was prejudicial because it prevented him from establishing a *prima facie* case. Contrarily, defendant argues that, even if the testimony of Ervin and Boss were introduced, plaintiff would still have failed to establish a *prima facie* case when all of the evidence is considered.

Decisions on the admission of evidence are largely matters within the discretion of the trial judge. (*Jackson v. Pellerano* (1991), 210 Ill. App. 3d 464, 471, 569 N.E.2d 167, 172.) Erroneous evidentiary rulings will not support a reversal unless the error was prejudicial and affected the outcome of the trial. (*Jackson*, 210 Ill. App. 3d at 471, 569 N.E.2d at 172.) In other words, the judgment will not be reversed if "no harm has been done." *Jackson*, 210 Ill. App. 3d at 471, 569 N.E.2d at 172.

In order to establish a retaliatory discharge action on the ground

that plaintiff was fired for filing or refusing to withdraw a workers' compensation claim, plaintiff must show (1) that he was employed by defendant before his injury occurred, (2) that he filed a claim under the Workers' Compensation Act, and (3) that his discharge was causally related to the filing of his workers' compensation claim. (*Marin v. American Meat Packing Co.* (1990), 204 Ill. App. 3d 302, 307, 562 N.E.2d 282, 285.) Plaintiff has set forth a *prima facie* case if he presents "at least some evidence on every element essential to his cause of action." *Kokinis v. Kotrich* (1980), 81 Ill. 2d 151, 154, 407 N.E.2d 43, 45.

In the instant case, plaintiff was clearly prejudiced by this erroneous evidentiary ruling. The testimony of Ervin and Boss was competent and admissible and went directly to showing that plaintiff's discharge was causally related to the filing of his workers' compensation claim. The failure to be allowed to admit this testimony prevented plaintiff from presenting "at least some evidence on every element essential to his cause of action." Thus, as a legal matter, if this testimony were in evidence, plaintiff would have established his *prima facie* case and a directed verdict for defendant would have been improper. Ultimately, if the judge as the trier of fact decided to believe the testimony of Ervin and Boss, plaintiff may have prevailed. Consequently, the judge's evidentiary ruling excluding the testimony of Ervin and Boss prejudiced plaintiff's case and mandates reversal.

We reject defendant's argument that the trial judge properly weighed all the evidence and concluded that plaintiff failed to establish a *prima facie* case. In *Kokinis v. Kotrich* (1980), 81 Ill. 2d 151, 407 N.E.2d 43, the Illinois Supreme Court set out the standard to be applied by the trial court in a nonjury case when deciding a defense motion for directed verdict after the close of plaintiff's case in chief. The *Kokinis* court explicitly stated that "[c]ontrary to the *Pedrick* standard (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494[, 229 N.E.2d 504]), the court is not to view the evidence in the light most favorable to the plaintiff." (*Kokinis*, 81 Ill. 2d at 154, 407 N.E.2d at 44-45.) According to *Kokinis*, in a bench trial where the defendant moves for a directed verdict after the plaintiff's case in chief, the judge must first determine if plaintiff has made out a *prima facie* case by presenting at least some evidence on every element of his claim. If plaintiff has set forth a *prima facie* case, the trial court must then conduct a "weighing process" in which it "consider[s] *all of the [plaintiff's] evidence*, including any favorable to the defendant, and is to pass on the credibility of witnesses, draw reasonable inferences from the testimony, and generally consider the weight and

the quality of the evidence." If sufficient evidence to support plaintiff's *prima facie* case remains after this "weighing process," then the judge should deny the defendant's motion and "proceed as if the motion had not been made." *Kokinis*, 81 Ill. 2d at 155, 407 N.E.2d at 45.

First, the trial judge stated that he was viewing the evidence in "the light most favorable to the Plaintiff." Thus, he erroneously applied the *Pedrick* standard for determining motions for directed verdicts in *jury cases.* Second, and most importantly, the trial judge improperly excluded the testimony of Ervin and Boss and, therefore, could not have properly weighed *all of the evidence* according to the *Kokinis* standard for ruling on motions for directed verdicts in bench trials. Consequently, the trial judge clearly did not properly weigh the evidence.

We also reject defendant's assertion that, even if the testimony of Ervin and Boss were introduced, plaintiff would still have failed to establish a *prima facie* case when all the evidence is considered. The excluded testimony was competent evidence which went directly to proving the ultimate issue in the case. The cases cited by defendant (see *Marin*, 204 Ill. App. 3d 302, 562 N.E.2d 282; *Lewis v. Zachary Confections Co.* (1987), 153 Ill. App. 3d 311, 505 N.E.2d 1087; *Bryce v. Johnson & Johnson* (1983), 115 Ill. App. 3d 913, 450 N.E.2d 1235; *Horton v. Miller Chemical Co.* (7th Cir. 1985), 776 F.2d 1351) are distinguishable because they entailed the reversal of jury verdicts in favor of plaintiff after a full trial in which defendant had presented a defense. Additionally, in none of these cases was direct evidence of defendant's unlawful purpose improperly excluded and thus not considered by the trier of fact. In the instant case, the trial judge erroneously excluded the testimony of Ervin and Boss and thus did not consider the evidence in arriving at his conclusion that plaintiff failed to present sufficient evidence to support a verdict in his favor. The admission of this testimony would not only have satisfied an element of plaintiff's *prima facie* case, but it also could support a judgment for plaintiff at the conclusion of the trial if the judge as finder of fact decided to believe the testimony.

For all of the above-stated reasons, plaintiff was prejudiced and denied a fair trial when the judge erroneously excluded the testimony of Ervin and Boss as to the statement they allegedly heard made by Sunzere. This erroneous evidentiary ruling prohibited plaintiff from making his *prima facie* case.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause remanded for a new trial.

Reversed and remanded.

CAMPBELL, P.J., and MANNING, J., concur.